### THE CITY OF CLEBURNE V. M. T. BROWN ET AL.
#### No. 2637.

**Municipal Corporation.**—A municipal corporation incorporated under general laws can not by contract loan its credit to a private corporation. A contract between such city and individuals who bind themselves to be afterwards incorporated, and which provides in effect for an extension of such credit to the proposed corporation, is within the prohibition of article 11, section 3, of the State Constitution, and void.

APPEAL from Johnson. Tried below before Hon. J. M. Hall.
The opinion states the case.

No briefs on file by counsel for either party.

ACKER, PRESIDING JUDGE.—On April 26, 1886, appellant filed an amended petition substantially as follows:

"Complaining of M. T. Brown, S. B. Allen, and B. L. Durham, represents that plaintiff, the city of Cleburne, is a municipal corporation in Johnson County, Texas, legally incorporated under the laws of the State of Texas providing for the incorporation of cities and towns; that prior to July 3, 1884, and ever since, it has been and is a legally existing municipal corporation, and as such was on that date the legal and equitable owner and was then in the possession of the system of water works in said city together with the machinery, fixtures, and appurtenances thereto belonging.

"That on said 3d day of July, 1884, said M. T. Brown as principal,

and said S. B. Allen and B. L. Durham as sureties, in consideration among other things of the agreement by plaintiff through its qualified officers and agents to transfer to the Cleburne Water and Ice Company, a corporation to be thereafter organized and duly incorporated under the laws of Texas by said M. T. Brown within thirty-five days from said date, said system of water works and all property and appurtenances thereto belonging for a term of fifty years from said date, upon certain terms and conditions then and there stipulated and agreed upon by and between plaintiff and said M. T. Brown, and fully set forth in the draft of a contract and agreement then and there made and reduced to writing by plaintiff and said Brown and referred to in the bond hereinafter mentioned, made, executed and delivered to plaintiff their bond and writing obligatory, bearing date on the third day of July, 1884, whereby M. T. Brown as principal, and S. B. Allen and B. L. Durham as sureties, acknowledged themselves jointly and severally to be indebted to and bound to pay to plaintiff the sum of six thousand five hundred dollars, in the city of Cleburne, absolutely and as fixed and liquidated damages, upon the condition that the said M. T. Brown should, within thirty-five days from the date of said bond, cause to be incorporated under and in accordance with the laws of the State of Texas a corporation to be named and known as The Cleburne Water and Ice Company, and to procure and cause the said corporation to legally execute and carry out and perform the above mentioned contract and agreement with the city of Cleburne for the transfer of said system of water works aforesaid, a draft of which contract was then and there agreed upon between said Brown and said city of Cleburne; and that said Cleburne Water and Ice Company, as soon as formed and incorporated, should issue and deliver to the city of Cleburne fifty-one bonds of one thousand dollars each, described in said draft of said contract, and should also, for the better securing the city of Cleburne in the faithful performance of said contract at and upon the legal execution thereof, and thereafter on the first day of July of each year during the term thereof, make, execute, and deliver to plaintiff a good and sufficient bond with approved security, each in the sum of $6500, as fixed damages for the breach of said contract; the said corporation to be legally incorporated, said contract to be legally executed by said corporation, and all of said bonds to be legally issued and executed within thirty-five days from the date of said obligation and bond; in which bond it is provided that the same shall become null and void upon compliance and performance by said M. T. Brown with each and all of the stipulations and conditions therein specified, and to secure the performance of which said obligation was made. But should the said M. T. Brown fail or refuse to perform any or all of the stipulations and agreements contained in the said bond on his part to be performed, then said bond and obligation to become absolutely due and payable, and said obli-

gors, and each of them, in said event promised to pay to plaintiff in the city of Cleburne the fixed sum of $6500 as liquidated damages for the breach of said bond, a copy of which bond is hereto attached, marked exhibit 'A,' and made a part of this petition.

"Plaintiff alleges that upon delivery to it of said bond on July 3, 1884, it, acting in good faith and at the special instance and request of M. T. Brown, delivered to him the system of water works and all property and appurtenances thereto belonging, and at and upon the expiration of said thirty-five days was and has been ready and willing to transfer said system of water works, etc., as aforesaid, to said Cleburne Water and Ice Company, upon compliance by the said Brown with the stipulations and agreements mentioned in said bond, and then and thereafter offered so to do. That said thirty-five days has long since elapsed, yet the said Brown has neglected and refused and wholly failed and still fails and refuses to comply with and perform the stipulations and agreements or any or either of them set out in said bond to be performed by him within said thirty-five days, or to cause or to procure the same to be done, and by reason of all of which the said M. T. Brown as principal and S. B. Allen and B. L. Durham as sureties became liable to pay to plaintiff as stipulated, fixed, and liquidated damages said sum of six thousand five hundred dollars, with interest thereon at the rate of eight per cent per annum from and after the expiration of said thirty-five days, which sum of money and interest said defendants, although often requested, have wholly failed and refused to pay to plaintiff, to plaintiff's damage eight thousand dollars."

To this petition appellees, defendants below, filed a general demurrer and the following special exception:

"Because said petition does not set forth sufficiently the terms of the contract charged to have been agreed upon between plaintiff and M. T. Brown as a contract to be executed by and between plaintiff and the Cleburne Water and Ice Company."

The court overruled the general and sustained the special exception. Thereupon appellant, by leave of court, filed its trial amendment setting out in full the contract agreed upon between plaintiff and M. T. Brown.

Appellees then filed a general demurrer to plaintiff's cause of action as stated in first amended petition, filed April 26, 1886, and in the trial amendment filed April 27, 1886, which was sustained, and judgment entered dismissing the suit.

Under proper assignments of error it is urged that the court erred in sustaining the exceptions and in rendering judgment dismissing the suit.

As the defect pointed out by the special exception, which was sustained, was cured by the trial amendment, the only question necessary for us to determine is whether the petition as amended was good on general demurrer.

It is contended upon the part of appellees that the contract which the agreement provided for to be entered into between the city of Cleburne and the proposed corporation—the Cleburne Water and Ice Company—was *ultra vires* as to both the plaintiff and the proposed corporation, and that therefore the bond sued on was without consideration.

Appellant was a municipal corporation incorporated under the general laws providing for the incorporation of cities and towns, and the court will take judicial cognizance of the provisions of these laws in determining the powers of such corporations.

The agreement entered into does not define the powers nor state the amount of capital of the proposed corporation.

The agreement if carried out would have amounted to nothing more than a loan by the city of Cleburne of its credit to the proposed corporation. This the city had not the power to do. State Const., art. 11, sec. 3.

We think the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted March 26, 1889.

Motion for rehearing transferred to Austin and there overruled.

# TEXAS SUPREME COURT REPORTS.

## AUSTIN TERM, 1889.

### R. S. PORTER v. J. M. HOLT.

#### No. 6316.

73   447
82   675

1. **Agreements between Counsel.**—Such agreements should be favored by courts. An agreement should not be set aside at the instance of either party when the one invoking action has obtained an advantage under it, or when its withdrawal would place the opposite party in a worse position than if it had never been made.

2. **Same—Practice.**—The motion to set aside an agreement made by counsel in the case showed that counsel for the motion through a mistake had yielded up a defense affecting the substance of the litigation. No injury to the adverse party appearing, the action of the court refusing to set aside the agreement will be revised on appeal, and under such circumstances the refusal is ground for reversal.

APPEAL from Bosque. Tried below before Hon. J. M. Hall.

The agreement of counsel and the affidavit submitted in support of the motion to set it aside are given.

The agreement bore date June 15, 1884, and was "That the plaintiff J. M. Holt has a good and sufficient legal title to the A. B. King 640 acres survey of land as per field notes in the patent; and that the defendants have a good and sufficient legal title to the John Hensley 640 acres survey as per field notes in the patent, both located on head of Steel Creek, in Bosque County, Texas.

"And that the only question in this suit is the true boundary line between the said surveys. And that either party may introduce any written evidence without filing, giving notice, or making affidavits of loss of originals."

The affidavit is as follows: "Now comes defendant Porter and asks leave of the court to withdraw the agreement filed in the cause between counsel on the —— day of ——, 1885, or so much thereof as binds defendant to confine the trial to determine the true boundary line between the A. B. King, owned by plaintiff, and the John Hensley, partly owned by this defendant, for he says:

"1. That said agreement was made by his attorney inadvertently and under a mistake of the fact that defendant could establish limitation.

"2. He says that his attorney had no express authority from him to make said agreement, and he can not be bound thereby because it will prejudice his rights.

[447]

"But defendant says he is willing to ratify and stand by so much of said agreement as agrees that plaintiff has a full and complete chain of title from the government down to himself for the land described in said agreement, and that he may read in evidence any and all title papers, either original or copies, without filing, giving notice, or making affidavit of loss.

"Defendant also agrees if plaintiff demands it that his cause may be continued as on affidavit of defendant and the costs thereof charged to him.

"Wherefore he asks that said agreement be withdrawn or so much thereof as confined this suit simply to a question of boundary."

The motion was refused and the pleas of limitation filed by the defendant were stricken out. After several terms the case was tried upon the question of boundary and resulted in a judgment for plaintiff. The only matter discussed in the opinion is the action of the court upon the agreement.

*Lockett & Lockett* and *Carleton & Ruggles*, for appellants. — 1. The agreement entered into between the counsel for plaintiff and defendants on the fifteenth day of January, 1884, having been entered into by defendants' counsel under a mistake as to the facts of the case, could have been withdrawn by the defendants by leave of the court obtained, and which leave should have been given, if it could have been given at such a time so as not to have prevented plaintiff from obtaining testimony which existed at the time such agreement was made to prove the facts in his favor which were conceded by said agreement. Botts v. Martin, 44 Texas, 91; Hancock v. Winans, 20 Texas, 320.

2. Attorney for defendant had no right as such attorney to make any agreement without the express authority of his client to waive any legal defense which his client had in this action. Botts v. Martin, 44 Texas, 91; Hancock v. Winans, 20 Texas, 320; Mitchell v. Cotton, 3 Fla., 136; Howe v. Lawrence, 22 N. J. Law, 99.

*Alexander, Winter & Dickinson*, for appellee.—There was no error in the refusal of the court to allow defendant Porter to withdraw the agreement made January 15, 1884:

1. Because it is not shown in said motion that there was any mistake about the facts, in that it is not made to appear by a statement of any facts existing and to be proved that Porter could have shown that plaintiff's action was barred by limitation.

2. It does not appear from said motion that the attorney did not have authority to make the agreement.

3. The refusal to allow the agreement to be withdrawn was a matter wholly within the discretion of the court.

4. The motion was to withdraw only a part of the agreement, leaving a part to stand. Beaumont Pasture Co. v. Smith, 65 Texas, 459; Punchard v. Delk, 64 Texas, 360, and 55 Texas, 306.

