GRAY J. TOOLE v. LAURA TOOLE.

*Divorce—Evidence—Declarations of Husband—Contradiction.*

In an action for divorce for adultery, by husband against wife, it was competent for the plaintiff to ask a witness, on cross-examination, if "she did not hear the plaintiff, before that day, forbid the defendant to go with P. (with whom the alleged adultery was committed), or to go where he was," as tending to show the adulterous intercourse, to contradict a former witness who testified that plaintiff had invited P. to his house, and as sustaining plaintiff's allegation that the adulterous intercourse was without the consent or connivance of plaintiff, and it was not incompetent as being the declarations and admissions of husband and wife under *The Code,* §§ 588, 1351.

This was a CIVIL ACTION, tried before *Merrimon, J.,* at February Term, 1891, of MECKLENBURG Superior Court.

The plaintiff was the husband of the defendant, and he brought this action against her to obtain a divorce from the bonds of matrimony, because of her alleged adulterous intercourse from time to time with Henry Palmer. The defendant broadly denied the material allegations of the complaint.

On the trial there was evidence tending to prove the adulterous intercourse as alleged. A witness for the defendant, Lizzie Toole, testified :

" I am a daughter of Laura Toole. I remember Friday, the day of the fuss, and I was at home on that day—all day. I remember seeing Doll Abernathy pass. The plaintiff had Henry Palmer hired to work for him, and had invited him to his house. He asked him to stay there with the children when my mother was at Chapel Hill on a visit. I was there, at home, on Friday, in August, when Ed. Webb came for the dinner."

Lizzie Pemberton was examined by the defendant, and on her cross-examination, " this witness was asked by the plaintiff's counsel, if she did not hear the plaintiff, before that day, forbid the defendant to go with Palmer or to go where he was." This evidence was offered to show that defendant's association with Henry Palmer was not by consent of plaintiff, and to contradict the witness Lizzie Toole.

This question was objected to by the defendant. The objection was sustained, and the plaintiff excepted.

The jury returned a verdict as set forth in the record. The plaintiff moved for a new trial, upon the ground that his Honor erroneously excluded the question propounded to the defendant's witness, Lizzie Pemberton, on cross-examination, and which is stated above. The motion was overruled, and the plaintiff excepted.

There was judgment for the defendant, and the plaintiff appealed.

*Mr. P. D. Walker,* for plaintiff.
*Mr. C. W. Tillett,* for defendant.

MERRIMON, C. J.: The question which the Court declined to allow the witness Pemberton to answer on the cross-examination, by implication sufficiently suggested the nature and purpose of the evidence it was intended to elicit. It was expected that this witness would state, in substance, that the plaintiff had forbidden his wife, before a time specified, to go

or associate with the person named, or to go where he was. The evidence of other witnesses went to show that the plaintiff had reason to suspect that his wife and the person named were unduly intimate. We think that such evidence was relevant and competent. It tended, in some measure, to contradict the witness Toole. It was not probable that the plaintiff would have the man, whom he had reason to suspect was too intimate with his wife, to work for him, and that he invited that man to his house and to stay there with his children. It would have tended also to prove the alleged adulterous intercourse. There was evidence tending to prove that after the plaintiff had forbidden his wife to go with Palmer, she did so. A good, innocent wife would not have gone or associated with him after such forbiddance, she would more probably, thereafter, have avoided him. That she so associated with him afterwards, tended to strengthen the other evidence of the alleged adulterous intercourse.

The proposed evidence was competent in another point of view. The plaintiff alleges that the adulterous intercourse alleged was "without the consent, connivance or procurement of the plaintiff." This the answer denies. The issue thus raised was material, and though it was not submitted, the Court might or ought to have submitted it as the evidence bore upon it. The evidence proposed and rejected tended to show that the plaintiff did not connive at the defendant's lascivious intercourse with Palmer. The evidence was not hearsay, it related to what the plaintiff said directly to the defendant at a time designated upon a subject germane to the matter in question.

The evidence was, in no proper sense, that of the plaintiff or the defendant, and, therefore, incompetent under the statute (*The Code*, §§ 588, 1351). It was evidence of a third person, and competent in the aspects of the case above pointed out.

Error.