HENRY JOHNSON, ALIAS F. T. THOMPSON, ET AL. v. THE STATE.

*No. 138.   Decided May 6.*

**1. Appeal and Bail Bonds, Difference Between.**—Where a bail bond has been given and the principal appears at the trial, is fined, and placed in jail, the bond has served its purpose and becomes functus officio. Not so with appeal bonds from the Justice to the County Court, which are conditioned, that the principal "shall prosecute his appeal with effect, and shall pay such fine and costs as shall be adjudged against him by the County Court, as well as other costs that may have been adjudged against him in the court below." And the conditions of such latter bond are not satisfied until such appeal has been prosecuted with effect, or the stipulated fine and costs have been paid.

**2. Same.**—If the fine and costs have been discharged and paid off prior to the forfeiture of the appeal bond, this would constitute a valid defense to a scire facias upon the forfeiture and judgment nisi, because in such case the obligation having been complied with, is no longer of any binding force.

WRIT OF ERROR from the County Court of Falls.   Tried below before Hon. S. R. SCOTT, County Judge.

Plaintiff in error, Johnson, alias Thompson, was tried and convicted in the Justice Court, precinct number 1, Falls County, for unlawfully playing with dice at a game called "craps," and was fined in the sum of $10. He appealed to the County Court, and executed an appeal bond in the sum of $105, with Barney Morehead and Tom Edwards as sureties, which bond was conditioned that he should "prosecute his appeal with effect, and should pay such fine and costs as should be adjudged against him by said County Court, as well as all costs that had been adjudged against him in said Justice Court of precinct number 1 of Falls County."

At his trial in the County Court, he was again convicted, and his punishment assessed at a fine of $10, and his appeal bond from the Justice Court was also forfeited, with judgment nisi and scire facias to the sureties. In answer to the scire facias, the sureties, amongst other things, specially pleaded, that after their principal had been convicted and fined in the County Court, he filed his oath in forma pauperis, and thereupon was duly discharged from jail by the sheriff of Falls County.   That this was done without their knowledge or consent, and their principal suffered to go at large, which they claimed was a satisfaction of their bond, or a discharge of their liability thereon.   This answer was demurred to by the county attorney, and the demurrer sustained by the court, and the answer stricken out.   At the trial on the merits the judgment nisi was made final against the sureties, who prosecute this writ of error against the judgment.

*Benj. H. Rice,* for plaintiffs in error.—The fine and imprisonment of a principal to an appeal bond renders the same functus officio, and of no further binding force upon the sureties thereon.   Code Crim. Proc., art.

859; Page v. The State, 9 Texas Cr. App., 466; Thompson v. The State, 17 Texas Cr. App., 318; Childers v. The State, 25 Texas Cr. App., 658; Phipps v. The State, 25 Texas Cr. App., 660; also, arts. 807, 809, 816, Code Crim Proc.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—On appeal from the Justice to the County Court. the principal on the appeal bond was again convicted, and a fine assessed against him. When this occurred, his appeal bond was forfeited, and he was placed in jail, under the order of the court. Some days thereafter he was released by the sheriff, and execution issued for the collection of the forfeited bail bond, and was levied upon the property of one of the sureties, hence this writ of error.

The contention here is, that inasmuch as the principal appeared at the trial in the County Court, was fined, and placed in jail, the bond had served its purpose, and therefore had become functus officio. Had the obligation been a bail bond, the contention would have been correct, but the conditions of bonds given in cases appealed from Justice to County Courts require that the principal "shall prosecute his appeal with effect, and shall pay such fine and costs as shall be adjudged against him by the County Court, as well as other costs that may have been adjudged against him in the court below." Code Crim. Proc., art. 854. In order to defeat an obligation founded on article 854, Code of Criminal Procedure, the appeal must not only be prosecuted with effect, but the stipulated fine and costs must also be paid. Page v. The State, 9 Texas Cr. App., 466.

The case of Phipps v. The State, 25 Texas Criminal Appeals, 660, relied on by appellant, does not support his position. In that case it was alleged that upon conviction the principal was placed in jail, and remained there until discharged by those having him in custody. Subsequent to such discharge his appeal bond was forfeited, and replying to the scire facias served upon them, the sureties pleaded that the imprisonment of their principal had discharged the fine and costs adjudged against him, and their consequent relinquishment from the conditions of the bond. This answer was stricken out on motion of the county attorney. On appeal. this ruling was held error, and we think correctly. If the fine and costs. had been discharged and paid off prior to the forfeiture, it constituted a valid defense to such forfeiture, because all the conditions of the bond had been complied with, and it was no longer a binding obligation. In the case in hand the bond was forfeited at the time of the conviction, and the fine and costs are not shown to have been paid. Page v. The State, 9 Texas Cr. App., 466. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.