## S. ROBINSON ET AL. v. THE STATE.
### *No. 623.   Decided February 13.*

1. **Scire Facias—Date of Bond Recited in.**—Where the scire facias citation upon an appeal bond recited, that the principal obligor had been convicted on April 28, 1893, in the Justice Court, and appealed to the County Court, and thereupon executed the bond described, *Held*, that this sufficiently states the date of the giving of the bond to be April 28, 1893.

2. **Scire Facias—Appeal Bonds from Justice Courts—Sufficiency of—Sufficiency of Citation.**—While in bail bonds the offense is an essential requisite of the obligation and a necessary recital in the citation, this is not a rule prescribed for and with reference to appeal bonds from Justice Courts; and it not being necessary to state the offense of which the principal was convicted in the bond, it is unnecessary to state it in the citation issued upon the forfeiture of said appeal bond. The citation is sufficient if it follows and declares upon the bond set forth.

3.  **Same—Variance.**—Where the scire facias writ recites the name of the princi-
pal in the appeal bond as M. Larkin, and the bond recites it as Mack Larkin, and the
bond itself shows that it was signed by Macduff Larkin, *Held*, there is no variance.

4.  **Sureties—Release of—Sheriff, Authority of in Settling Fines.**—A sheriff
has no authority to bind the State and release sureties on penal bonds by accepting
checks, promissory notes, or any property other than money in payment of fines and
forfeitures.

APPEAL from the County Court of Smith. Tried below before Hon.
B. B. BEAIRD, County Judge.

One·Macduff Larkin was convicted in a Justice Court for violating
the Sunday law, and prosecuted his appeal to the County Court of
Smith County, executing an appeal bond in regular form for $100,
with appellants as sureties thereon. At the May Term said Larkin
appeared, and was tried in the County Court and convicted, the fine
and costs amounting to $94. When the jury returned the verdict, the
sheriff, being specially instructed to do so by the county attorney and
the court, took charge of the defendant Larkin and proceeded to hold
him until the fine and costs should be paid, or the defendant should
work it out on the county convict and poor farm.

Saturday evening, May 6, 1893, at the request of the prisoner, the
sheriff took him to the place of business of his employer, L. H. Bloom-
berg, and, refusing to release defendant until the fine and costs were
satisfied, said Bloomberg gave the sheriff his check on the City National
Bank of Tyler for $100, with the understanding, that if defendant did
not prosecute an appeal the check should be collected and said fine
and costs paid with the money. The check was presented at the bank
Monday morning, and payment refused. The sheriff then failing to
find the defendant, who had left the county some days after, the county
attorney took a forfeiture on the appeal bond. The check was given
on the bank with which the drawer kept his account, and after its re-
fusal was never presented to the drawer, who was and is solvent.
Appellants were cited to appear at the July Term of the County Court
and show cause why said judgment nisi should not be made final.
They appeared and excepted to the citation, and answered that, the
State having taken charge of the principal after his conviction in the
County Court and confined him until he should pay or work out the
fine and costs on the county convict and poor farm, the bond had be-
come functus officio, and having taken him in custody and permitted
him to escape, their relations were changed towards their principal,
and they were no longer responsible on the bond; and by taking the
check in payment, the State was estopped to look to the sureties on
·the appeal bond, and should collect of the drawer of the check, who
was and is solvent. The court gave judgment against the sureties, ap-
pellants herein, and they prosecute this their appeal.

Defendants, in answer to the scire facias upon the forfeited appeal
·bond, demurred and excepted to the citation. 1. Because it did not
set forth the date of the appeal bond. 2. It failed to set forth the

offense with which the principal was charged. 3. It failed to aver that M. Larkin, the principal, and Mack Larkin, whose name appeared in the bond, were one and the same person. They also pleaded their release from liability by virtue of the fact that the sheriff had received the check above mentioned, and discharged their principal from custody.

*Lindsey & Butler*, for appellants.—Defendants' special demurrer was directed to the following defects in plaintiff's citation and pleading, viz., that the same failed to give the date of the bond and the offense with which the principal was charged. Also, said citation failed to allege of what offense said principal was convicted from which the appeal was taken, and it was error for the court to overrule these demurrers. Code Crim. Proc., art. 859; Id., art. 443, subdiv. 4; Thompson v. The State, 17 Texas Crim. App., 318; Jones v. The State, 15 Texas Crim. App., 82; Werbiski v. The State, 20 Texas Crim. App., 132.

The citation described the principal in the bond forfeited and the defendant convicted as M. Larkin. The appeal bond offered in evidence in its body named the principal as Mack Larkin, and was signed by Macduff Larkin. The county attorney did not allege nor prove that M. Larkin and Mack Larkin were one and the same person. Where there is an apparent variance between the name of the principal in the bond and as used in the citation, it must be shown by proper averment in the citation that the variant names designate the same person. Hutchins v. The State, 24 Texas Crim. App., 242; Vidauri v. The State, 22 Texas Crim. App., 676; McIntyre v. The State, 19 Texas Crim. App., 443; Weaver v. The State, 13 Texas Crim. App., 191; Loving v. The State, 9 Texas Crim. App., 471; Walter v. The State, 6 Texas Crim. App., 254; 4 Texas Crim. App., 96; 15 Texas Crim. App., 141.

The pleading and citation of plaintiff did not sufficiently describe the judgment of conviction in the County Court, and described the principal in the bond and defendant in judgment as M. Larkin. The judgment offered described the defendant as Mack Larkin, and its introduction being promptly objected to by the defendant, upon the ground that the same was not so fully pleaded as necessary, and on the ground of variance, it was error for the court to admit the same in evidence. Thompson v. The State, 17 Texas Crim. App., 318, and authorities cited.

It was error for the court to render judgment against these defendants upon said appeal bond, because the evidence showed that the plaintiff, immediately upon the conviction of the principal, took charge of him by the sheriff, who acted under the special instructions of the county attorney and County Court, and held him in custody until the fine and costs should be fully paid. That the defendants then had no control over him, and he was so held in custody until he

gained his release by means of a check given to the sheriff in payment of his fine and costs if no appeal was taken.   Lindley v. The State, 17 Texas Crim. App., 120; Childers v. The State, 25 Texas Crim. App., 658; Phipps v. The State, 25 Texas Crim. App., 660.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appeal herein is prosecuted from judgment forfeiting in the County Court an appeal bond from the Justice Court. The principal in the bond was convicted upon appeal, and failing to pay his fine, was committed to custody.   One of his sureties, Bloomberg, gave the officer having his principal in custody a check in payment of the fine and costs.   The convicted principal was then released by the officer.   When the check was refused at the bank the forfeiture of the appeal bond was taken, and scire facias issued.   The appellants excepted to the scire facias, (1) because the date of the appeal bond was not set forth in the citation; (2) because citation failed to state the offense with which the principal was charged; (3) citation does not aver that M. Larkin (the principal) and Mack Larkin are one and the same person.

1.   The citation recites that M. Larkin was convicted on April 28, 1893, in the Justice Court, and appealed to the County Court, "and thereupon the said M. Larkin" executed the bond described.   This sufficiently states the date of the giving the bond to be April 28, 1893.

2.   It was not necessary to state in the appeal bond the offense of which the principal was convicted, and therefore unnecessary to state it in the citation.   The citation is sufficient, inasmuch as it follows and declares upon the terms of the bond set forth.   In forfeited bail bonds it is necessary to state the offense in the citation, because it is one of the ingredients of such bond, made so by the statute.   This is not the case in regard to appeal bonds from the Justice to the County Courts. The rules in regard to appeal bonds from the Justice to the County Court are the same, in so far as they relate to the taking and forfeiting thereof, as in bail bonds and recognizances.   This is prescribed by statute.   These rules do not relate to citations in such appeal bonds when forfeited.   The scire facias serves the double purpose of citation and petition in such forfeitures, and in all such pleading is not required to go beyond the terms of the bond declared upon.   In bail bonds the offense is an essential requisite of the obligation, while in appeal bonds from the Justice Courts this is omitted by statutory enactment. The scire facias sufficiently sets forth the obligation declared upon, and is not subject to the criticism sought to be imposed upon it.

3.   The scire facias recites that M. Larkin, as principal, executed the appeal bond.   Mack Larkin is recited as principal in said bond, and it was signed by Macduff Larkin.   This ground of exception was not well founded.   There was no variance.   Anderson v. The State,

19 Texas Crim. App., 299; Ham v. The State, 4 Texas Crim. App., 645, 672; The State v. Manning, 14 Texas, 402.

4. Nor is there any merit in the answer that the check given by Bloomberg, one of the sureties, released the parties from the obligation. It was dishonored and refused payment at the bank. The sheriff had no authority to take the check in payment and release the principal. Such officers are not clothed with the authority to thus bind the State by accepting checks, promissory notes, or property of any kind other than money, in payment of fines imposed upon parties convicted for violations of the law. Clark v. The State, 3 Texas Crim. App., 338. There was no error in taking the forfeiture in this case. Page v. The State, 9 Texas Crim. App., 466; Johnson v. The State, 32 Texas Crim. Rep., 353.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.