AUGUSTIN SALINAS ET AL. v. THE STATE.

No. 1507.   Decided May 25, 1898.

**1.  Forfeited Bail Bond—Variance as to Name of Principal.**

Where the Christian name of the principal in the bail bond was, "Noberto," and in the judgments nisi and final entered upon forfeiture the name is written "Norberto." Held, no variance.

**2.  Absence of Statement of Facts—Practice.**

If there is any evidence introduced upon the trial it should be brought up in the statement of facts. If no evidence at all was adduced, there should have been a certificate of that fact by the judge. The failure to incorporate a statement of the facts in the record can not be reached by a motion "to set aside the final judgment because the State failed to introduce any evidence to sustain the issues in its behalf," etc., though the attorney swears to his motion.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. MCLEAN.

Appeal from a judgment final for $200, upon the forfeiture of a witness' appearance bond.

No statement required.

C. A. *McLean*, for appellant.

W. W. *Walling* and *Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a final judgment upon a forfeited witness bond. This bond was signed by Noberto Benavides as principal, and Aug. Salinas, and Juan V. Benavides as sureties. The citation recited that Norberto Benavides executed said witness bond, with Aug. Salinas and Juan V. Benavides as his sureties. The judgment nisi was entered against Norberto Benavides and his sureties, and the judgment final was also against Norberto Benavides and his sureties. Error is assigned upon the alleged variance in the Christian name of the principal, in this: in the bond the Christian name is "Noberto," and in the judgments nisi and final it is "Norberto." This point is not well taken. See Robinson v. State, 34 Texas Crim. Rep., 131.

The record does not contain a statement of the facts. Appellants file what is termed a "motion to set aside the final judgment." The second

ground is in the following language: "The State failed to introduce any evidence to sustain the issues in its behalf, in this: it did not produce in evidence either the witness bond or the judgment nisi." This motion was overruled, and it is contended here that this court should reverse the judgment because of this action of the court. This is a novel way of seeking to reverse a judgment for a failure to incorporate the evidence in the transcript. If there was in fact any evidence adduced on the trial, it should have been brought up in the statement of facts; if not, there should have been a certificate of that fact by the judge. The trial judge knew as a fact that the evidence had or had not been introduced, and a statement under oath by an attorney in the case, raising that issue for the decision of the trial judge, is a novel proceeding. The failure to incorporate the statement of facts in the record can not be reached in this manner; and, if in fact the evidence had not been introduced by the State in support of its pleas, an exception to the action of the court would have promptly reached that question. We are led to believe that the only testimony in the case was the bond and the judgment nisi. The case was tried by the court without a jury, and, if these matters were not presented to the court during the trial as a basis of its judgment, that fact could have been easily manifested by a proper certificate from the trial judge, and, in case of his failure to give that certificate, it could have been proven up by the bystanders, as the statute in such case provides. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.