### W. H. COWSER v. THE STATE.

No. 2304.   Decided April 30, 1913.

Rehearing denied June 4, 1913.

**1.—Incest—Sufficiency of the Evidence.**

Where, upon trial of incest, the evidence sustained the conviction, there was no error.

**2.—Same—Legal Marriage—Idem Sonans—Evidence.**

Where, upon trial of incest, the defendant sought to show that he was not legally married to the mother of his stepdaughter, introducing in evidence a properly certified copy of a marriage license to Amer Harvey, whereupon the State introduced a certified copy of a divorce decree of defendant from Armor Harvey and showed that they were one and the same person, there was no error, as the names were idem sonans; the court properly submitting the question of marriage and divorce to the jury.

**3.—Same—Evidence—Husband and Wife—Privileged Communications.**

Where, upon the trial of incest by the defendant on his stepdaughter, the State was permitted to introduce the confessions of the defendant which he made to the mother of the prosecutrix, then his wife, in the presence of the prosecutrix, the court permitting both to testify as to this confession, there was no error, as the same was not privileged, it having been made in the presence of a third party. Following Richards v. State, 55 Texas Crim. Rep., 278, and other cases.

**4.—Same—Evidence—Testimony Introduced by Defendant.**

Where, upon trial of incest, the State's counsel asked the prosecutrix how many times she had intercourse with defendant, to which she answered a good many times, the defendant's counsel objecting thereto, and the court instructed the jury not to consider same, there was no error, as the testimony was admissible, and besides, the same character of testimony was introduced by defendant himself. Following Battles v. State, 63 Texas Crim. Rep., 147, and other cases.

**5.—Same—Continuance—Want of Diligence—Other Transactions.**

Where defendant's application for continuance showed a want of diligence, and that the absent testimony was not of such materiality as to justify a reversal, there was no error; besides, sexual intercourse by prosecutrix with another than defendant some months prior to the date of the offense was no defense.

Appeal from the District Court of McCulloch. Tried below before the Hon. Jno. W. Goodwin.

Appeal from a conviction of incest; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Shropshire,* for appellant.—On question of idem sonans of name of defendant's former wife in decree of divorce: Chaney v. State, 59 Texas Crim. Rep., 283, 128 S. W. Rep., 614; Telegraph Co. v. Brooks, 78 Texas, 331; Scales v. Wren, 103 Texas, 304, 127 S. W. Rep., 164; Heck & Baker v. Martin, 75 Texas, 469; Parlin & Orendorff v. Cantrell, 40 S. W. Rep., 416; Brooks v. Powell, 29 S. W. Rep., 809; Crawford v. McDonald, 33 S. W. Rep., 325.

On question of wife's testimony against the husband: Gross v. State, 61 Texas Crim. Rep., 176, 135 S. W. Rep., 373; Cole v. State, 101 S. W. Rep., 218; Richards v. State, 55 Texas Crim. Rep., 27, 116 S. W. Rep., 587; Gant v. State, 55 Texas Crim. Rep., 284, 116 S. W. Rep., 801; Lanham v. Lanham, 145 S. W. Rep., 336; 40 Cyc., p. 2354-5; Scott v. Com., 94 Ky., 511; Robin v. King, 2 Leigh., 140.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, Judge.—Appellant was convicted of incest with a penalty of four years in the penitentiary.

As stated by appellant's able attorney, there are but few questions to be decided in this case. The evidence of appellant's guilt is clearly sufficient to sustain the verdict.

After the State had introduced its proof clearly making out the case against appellant, in order to defeat the State's case and show that he was not legally married to the mother of the complaining witness and thereby show that she, in law, was not his stepdaughter, he introduced a properly certified copy of a marriage license from New Mexico with the return thereon showing that he was lawfully married on March 3, 1901, to Miss Amer Harvey, and rested. The State, in order to meet

this, introduced appellant's fifteen-year-old son, who testified that his father called the name of that wife "Armor." The State then introduced, over his objections, a properly certified copy of a divorce decree from the District Court of Hopkins County, showing that on August 27, 1907, appellant procured a divorce from Armor Cowser. His son also testified that his father moved from New Mexico to Hopkins County, and was living in Hopkins County at or about the time this divorce was obtained by him. He made no objection whatever to the testimony of his son. The court, in approving his bill to the introduction of said divorce decree, qualified it with this explanation: "The witness testified that he knew his father's wife as Armor and that his father called her Armor; that defendant moved to Hopkins County, Texas, and lived there and that his wife did not go to Hopkins County with defendant. The divorce was granted in Hopkins County, Texas. The court admitted the decree after the witness had testified as above stated and in the charge submitted the question of the identity of the parties named in the decree of divorce with defendant and his wife, Amer or Armor, see charge of court." The court charged that "the essential ingredients of the crime with which the defendant stands charged are: First, the legal marriage of defendant to Mrs. A. C. Turn (Mrs. Turn was the mother of the prosecutrix by a former marriage). Second, that defendant while so married to Mrs. A. C. Cowser (formerly Mrs. Turn) had sexual intercourse with Agnes Turn. Third, that Agnes Turn was the daughter of Mrs. W. H. Cowser by a former marriage. Fourth, that at the time defendant married Mrs. A. C. Turn, if he married her, her husband, A. C. Turn, was dead. Fifth, that at the time defendant married Mrs. A. C. Turn, if he married her, the marriage of defendant to Florence Dutton had been dissolved by the death of said Florence Dutton. Sixth, that at the time defendant married Mrs. A. C. Turn, if at all, the former marriage of defendant to Amer Harvey had terminated by divorce. And the burden of proof is on the State to prove beyond a reasonable doubt each and all the foregoing ingredients of the crime; and if it has not been done so, it will be your duty to acquit defendant, or if you have a reasonable doubt whether or not the State has proven each and all the ingredients of said alleged crime, you will acquit the defendant." Then in addition, further charged as follows: "The State has introduced in evidence a certified copy of a judgment rendered by the District Court of Hopkins County, Texas, in a case entitled W. H. Cowser v. Armor Cowser. Unless you believe from the evidence in this case, beyond a reasonable doubt, that Amer Cowser, the woman to whom the defendant was married in New Mexico, was commonly called Armor Cowser, and that the Armor Cowser mentioned in said judgment was one and the same person as Amer Cowser, and that the W. H. Cowser mentioned in said judgment was one and the same person as the defendant, you will acquit the defendant." Still, in addition, he charged that the burden of proof was on the State and the presumption of innocence until guilt is estab-

lished by legal evidence beyond a reasonable doubt, and if they had a reasonable doubt as to his guilt to acquit him. The court committed no error in permitting the introduction of said divorce decree under the evidence and the charge of the court. The names "Amer" and "Armor" are idem sonans. Feeney v. State, 62 Texas Crim. Rep., 585; Gentry v. State, 62 Texas Crim. Rep., 497; Smith v. State, 63 Texas Crim. Rep., 183; American Ins. Co. v. Rodriquez, 145 S. W. Rep., 654, and authorities cited in said cases.

The act of sexual intercourse by appellant with his said stepdaughter was alleged to have been committed on or about April 30, 1910, which was clearly proved. By this act of intercourse his stepdaughter became pregnant and she so advised him. He consulted a doctor soon afterwards, telling him that said girl had suppressed menses and consulted the doctor thereabout. He afterwards gave her some medicine to take, which she took under his direction for the purpose of bringing on her menses, or bringing on an abortion, but it had no effect. After the condition of the girl became such as to be noticed by the family, they became uneasy about it and wanted to call in a local physician to examine her and determine what was the matter with her. Appellant vigorously opposed this and threatened personal violence to them or any physician who would there be called in for that purpose. After further consultation, with the family and appellant all present, it was determined to take the girl from Brady, in McCulloch County, to Fort Worth and have her examined by a specialist to ascertain what was the trouble with her. Appellant wanted to take the girl himself alone. Her mother demurred to this and insisted upon going with them. He vigorously opposed this. However, he and the girl and her mother, together, proceeded to Fort Worth. Upon reaching there the three went to a hotel, registered, got a room and went to the room. He wanted to delay the consultation with a physician. The mother insisted that it should be had at once. After seeing that he could not prevent this, he then confessed to the mother and daughter, all three being present, that he was the author of the girl's condition and that she was pregnant by him. Soon after this his wife, the mother of the girl, procured a divorce from him. The court, over his objections, permitted the mother and girl both to testify to what he said to them in his confession in the hotel, appellant contending that the former wife was not a competent witness to testify to what he had confessed and told them at the time. The court, in approving his bill to the admission of this evidence by his former wife, qualified it as follows: "The court ruled that any conversation between defendant and his wife in the presence and hearing of a third party was admissible. The court did not rule that it would be admissible if a third party heard some of it. At the time this witness testified in this case the defendant and his wife, A. C. Cowser, had been legally divorced and all the conversation admitted was in the presence and hearing of a third party or parties." The court's action in admitting this testimony was proper. Richards

v. State, 55 Texas Crim. Rep., 278; Cole v. State, 51 Texas Crim. Rep., 89; Gant v. State, 55 Texas Crim. Rep., 290. This court, through Presiding Judge Davidson, in the Richards case, supra, held: "Article 994 (774) of the Code of Criminal Procedure interdicts the admission of confidential communications between the husband and wife, during or after the dissolution of the marriage. These statements were not confidential communications. They were made in the presence of others in a general running conversation and were not of a confidential nature. This question almost identically stated, was ruled unfavorably to appellant's contention in Cole v. State, 51 Texas Crim. Rep., 89. The authorities are practically harmonious to the effect that confidential communications between husband and wife are not admissible, either during coverture or after the dissolution of the marriage relation; but the authorities are practically harmonious to the effect that communications or statements made between the husband and wife, in the presence of others, are not privileged. Com. v. Griffin, 110 Mass., 181; State v. Hoyt, 47 Conn., 518. Statements of one spouse to the other in the presence of third persons may be proved by such persons. Rex v. Simons, 6 Car. & P., 540; Gannon v. People, 127 Ill., 507; Shuman .v. Supreme Lodge, 110 Iowa, 480; Jackquith v. Davidson, 21 Kan., 251; Bank v. Hutchinson, 62 Kan., 9; State v. Gray, 55 Kan., 135;. Fay v. Guynon, 131 Mass., 31; Long v. Martin, 152 Mo., 668, 54 S. W. Rep., 473; People v. Hayes, 140 N. Y., 484; 23 L. R. A., 830; Toole v. Toole, 109 N. C., 615; Allison v. Barrow, 3 Cold., 414; Queener v. Morrow, 1 Cold., 123. These authorities support the decision of Cole v. State, supra. The same rule is laid down by Mr. Greenleaf in the first volume of his valuable work on Evidence, under .sections 337-8, and numerous authorities cited in the notes under these sections." In 40 Cyc., p. 2359, the law is stated as follows: "A communication between husband and wife in the presence and hearing of a third person is not so confidential as to be a privileged communication, unless such third person is a young child, or is otherwise totally incapable of comprehending what is being said, and either the husband or wife or the third person who was present may testify in regard thereto. A fortiori the privilege does not extend to communications by one spouse to a third person in the presence of the. other spouse, or to a conversation participated in by husband and wife and a third person. Even though a conversation between husband and wife was intended to be confidential, a third person who overheard it may testify as to what was said," citing authorities from several States, among them, from this State. The same doctrine is laid down in 10 Enc. of Ev., p. 194-2. In fact, we think this doctrine is unquestionably well settled.

By another bill appellant complains of the action of the district attorney in asking the prosecutrix this question: Q. "How many times did he have intercourse with you, Miss Agnes?" To which she answered: "A good many times." That the question was asked and the witness answered before he could object thereto; that he at once there-

after objected to the question and answer and to the conduct of the district attorney in asking this question and getting this evidence before the jury. The court promptly instructed the jury to disregard both the said question propounded and answer. The court, in approving the bill, qualified and explained it as follows: "Defendant's counsel on cross-examination of Agnes Turn propounded to her and elicited from her the following answers: Q. When he (defendant) took you out of bed and did that way (had intercourse with her), you did not wake your sister up? A. No, sir; he wouldn't let me. Q. Well, you did not wake your mother? A. No, sir. Q. Then it went on for a month or two afterwards and still you did not tell your sister or your mother, in fact, you never did tell your mother about it, did you, until after this prosecution, did you? A. No, sir. On re-examination the district attorney propounded the question objected to with result stated in the bill. The attorney for defendant having proved that intercourse between these parties went on for a month or two, if there was error in the action of the district attorney it was, in view of the foregoing, harmless." There is no error presented by this. First, the testimony was admissible. (Burnett v. State, 32 Texas Crim. Rep., 86; Battles v. State, 63 Texas Crim. Rep., 147, and authorities therein cited.). Second, appellant himself having, as shown by the qualification of the judge, proved the same thing by the witness he can not complain, even if the question by the district attorney and answer thereto had been inadmissible. Third, and even if it had been inadmissible, the court having promptly sustained the objection thereto and instructed the jury not to consider it, no reversible error would be shown.

The case had formerly been tried at a previous term. It is not certain whether a verdict was then returned against appellant, or a mistrial, because of a hung jury. Appellant's witness, Bud Sessom, was present and testified at that time. At a subsequent term the case was again called for trial; the State announced ready and the appellant made an application for a continuance on account of the absence of his said witness. The court overruled his application that time and forced him to trial. That trial resulted in a hung jury. At the September term, 1912, the case was again called for trial and appellant then filed his second application for continuance on account of the absence of said witness. That trial resulted in this conviction. The application for a continuance, we think, was properly overruled, because it did not show diligence by the appellant in attempting to secure the attendance of his said witness. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317, and authorities there cited. The court, in approving appellant's bill to the overruling of this application for a continuance, qualified and explained it as follows: "This witness on a former trial of this case before this court testified, and with the knowledge of what he had formerly testified, the motion was ruled upon. The testimony of the witness on the former trial was subsequently as follows: "Along in the latter part of July or August, I went

to the defendant's house east of town, selling some pears. There is a little frame house out to the east of the dwelling house, and when I drove up and hollered someone opened the door of this little house, and there was a couple in there; I saw a lady lying on the pallet and a young man looked like he was getting up from the pallet. The best I could tell, the young lady's clothes were up. I didn't know either one of these parties and never did know who they were. After I first saw them they went to the back of the room and I turned to get some pears out of the wagon, and when I raised up there were several people out at the wagon, but I couldn't say whether this couple was out there or not." Even if appellant had used sufficient diligence to get this witness his testimony, as shown in the qualification by the judge, would not have been of such materiality as to authorize or justify this court to reverse the case. The offense was charged to have been committed on or about April 30, 1910. Even if this testimony would have tended to show that the prosecutrix was seen in a compromising position with another in the latter part of July, or August, following, or even that she had had intercourse with another at that time, would have been no defense to appellant's incestuous intercourse with the girl three or four months prior thereto.

No reversible error whatever is shown. The judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 4, 1913.—Reporter.]