MATTIE BEE HOOD v. THE STATE.

No. 12850. Delivered December 4, 1929.
Reported in 23 S. W. (2d) 370.

The opinion states the case.

*R. B. Shropshire* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, thirty days in the county jail.

This record is here without any statement of facts. There are two bills of exception, each complaining of the court's action in declining to grant appellant a new trial or to arrest the judgment

herein, for the reason, as appellant insists, that there is a variance between the name of the owner of the alleged stolen property as laid in the complaint, and as stated in the information. The information charges that appellant took the property of J. E. "Langstrom" from the possession of said Langstrom, without the consent of said Langstrom, and with the intent to deprive the said Langstrom of the value of the same, etc. The complaint charges that the property belonged to J. E. Langsrrom, and was taken from the possession of said J. E. Langstrom, without the consent of the said Langstrom, etc.

We are not inclined to agree with appellant's contention. Art. 416, 1925 C. C. P., provides that the rules with respect to allegations in an indictment and the certainty required apply also to an information. Art. 412, C. C. P., provides that an indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected by reason of any defect of form which does not prejudice the substantial rights of the defendant. Construing this many decisions hold that typographical errors and mistakes in spelling do not vitiate the indictment. Owen v. State, 7 Texas Crim. App. 329; Hunter v. State, 8 Texas Crim. App. 75; Dickson v. State, 34 Texas Crim. Rep. 1; Salinas v. State, 39 Texas Crim. Rep. 319; Bronson v. State, 59 Texas Crim. Rep. 17; Cowser v. State, 70 Texas Crim. Rep. 265.

As provided in Art. 412, supra, an objection to the alleged variance would be of no benefit to the accused unless same might "prejudice the substantial rights of the defendant." It is very evident from an inspection of the record that in the complaint and information the alleged owner of the stolen property is in every other instance save one referred to as being named Langstrom. We are of opinion that the spelling of the word in one place "Langsrrom," was but a typographical error and one not calculated to prejudice the substantial rights of the accused.

No other error being complained of, the judgment will be affirmed.

*Affirmed.*