

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 18, 1986

Honorable Rene Guerra
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas     78539

Opinion No. JM-533

Re: Whether a county clerk may deliver the services of his office on credit

Dear Mr. Guerra:

You have submitted the following question:

> Does it violate article III, sections 50 and 52, of the Texas Constitution for the county clerk of Hidalgo County, Texas to maintain a policy of allowing the general public, including attorneys, title companies, individuals, partnerships, and corporations, to maintain credit accounts for paying fees due the county clerk? Stated in the converse, must the county clerk adopt a cash only policy on all fees except the filing of lawsuits?

The provisions of the Texas Constitution you cite, sections 50 and 52 of article III, as well as article XI, section 3, prohibit the "lending of credit" by the state or its subdivisions. Section 50 prohibits lending the credit of the state, and section 52 prevents the legislature from authorizing political subdivisions to lend their credit -- thereby inhibiting counties indirectly. Article XI, section 3, is a direct prohibition against the lending of its credit by a county.

With exceptions not pertinent here, article III, section 52, reads:

> [T]he Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to <u>lend its credit</u> or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company. (Emphasis added).

Article XI, section 3, reads:

> No county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise <u>loan its credit</u>; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law.  (Emphasis added).

The other provision, section 50 of article III, declares:

> The Legislature shall have no power to give or to <u>lend</u>, or to authorize the giving or <u>lending, of the credit</u> of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever.  (Emphasis added).

In each of these provisions, the phrases "lend its credit," "loan its credit," and "lending of the credit" appear to have the same meaning.  The meaning of the section 50 language was considered in Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis (1977), volume 1 at page 225, where it was said:

> Section 50 states that the legislature may not 'give' the credit of the state to anybody, 'lend' the credit of the state to anybody, or 'pledge' the credit of the state for anybody. . . .  This is an involved and somewhat imprecise way of saying that the state may not aid anybody by lending him money; <u>by providing him land, goods, or services on credit</u>; or by guaranteeing payment to a third party who aids anybody by lending him money or providing him land, goods, or services on credit.  (Emphasis added).

See Attorney General Opinion MW-461 (1982).  The Supreme Court of Texas similarly concluded in City of Cleburne v. Brown, 11 S.W. 404 (Tex. 1889) that the article XI, section 3, language specifying that a municipality could not in anywise "loan its credit" prevented a city from accepting, in lieu of cash, corporate bonds in payment for transferring its waterworks to a corporation.

In construing the meaning of particular words in a part of the Constitution of Texas, such as article III, section 52, resort may be

had to other sections of the instrument for the sense in which the words are used. State v. Gillette's Estate, 10 S.W.2d 984 (Tex. Comm'n App. 1928). In the light of the City of Cleburne holding, we believe the proscriptions of article III, section 52, and article XI, section 3, mean that county officers are not authorized -- and cannot be authorized -- to deliver county services to individuals, associations or corporations on credit unless some other provision of the constitution authorizes it to do so.           •

You have noted the provisions of Rule 142 of the Texas Rules of Civil Procedure, authorizing the clerk to require security for costs from the plaintiff before issuing any process, but specifying that the clerk "shall file the petition and enter the same on the docket." The emphasized provision, we believe, is necessary to comply with the command of article I, section 13, of the Constitution of Texas that

> [a]ll courts shall be open, and every person for
> and injury done him, in his lands, goods, person
> or reputation, shall have remedy by due course of
> law.

See Dillingham v. Putnam, 14 S.W. 303 (Tex. 1890). See also Union Century Life Ins. Co. v. Chowning, 26 S.W. 982 (Tex. 1894). Cf. Nelson v. Krusen, 678 S.W.2d 918 (Tex. 1984).

Thus, the county clerk must file and docket a petition presented for filing without requiring immediate payment therefor, because to refuse would deny the petitioner his constitutional right to open courts. Cf. LeCroy v. Hanlon, ___ S.W.2d ___ (Tex. 1986) (No. C-4745, opinion delivered July 2, 1986). But there is no warrant to extend credit for county fees, fines and other charges not similarly impinging on constitutional rights and privileges. See Robinson v. State, 29 S.W. 788 (Tex Crim. App. 1895); Attorney General Opinions MW-461 (1982), S-42 (1953). Cf. Tex. R. Civ. Proc. 145 (affidavit of inability to give security).

### S U M M A R Y

County officers are not authorized -- and cannot be authorized -- to deliver county services to individuals, associations or corporations on credit unless some provision of the Constitution of Texas authorizes it to do so.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General