Honorable Rene Guerra Criminal District Attorney Hidalgo County Courthouse Edinburg, Texas 78539
Re: Whether a county clerk may deliver the services of his office on credit
Dear Mr. Guerra:
You have submitted the following question:
 Does it violate article III, sections 50 and 52, of the Texas Constitution for the county clerk of Hidalgo County, Texas to maintain a policy of allowing the general public, including attorneys, title companies, individuals, partnerships, and corporations, to maintain credit accounts for paying fees due the county clerk? Stated in the converse, must the county clerk adopt a cash only policy on all fees except the filing of lawsuits?
The provisions of the Texas Constitution you cite, sections 50 and 52 of article III, as well as article XI, section 3, prohibit the "lending of credit" by the state or its subdivisions. Section 50 prohibits lending the credit of the state, and section 52 prevents the legislature from authorizing political subdivisions to lend their credit — thereby inhibiting counties indirectly. Article XI, section 3, is a direct prohibition against the lending of its credit by a county.
With exceptions not pertinent here, article III, section 52, reads:
 [T]he Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company. (Emphasis added).
Article XI, section 3, reads:
 No county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law. (Emphasis added).
The other provision, section 50 of article III, declares:
 The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever. (Emphasis added).
In each of these provisions, the phrases "lend its credit," "loan its credit," and "lending of the credit" appear to have the same meaning. The meaning of the section 50 language was considered in Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis (1977), volume 1 at page 225, where it was said:
 Section 50 states that the legislature may not `give' the credit of the state to anybody, `lend' the credit of the state to anybody, or `pledge' the credit of the state for anybody. . . . This is an involved and somewhat imprecise way of saying that the state may not aid anybody by lending him money; by providing him land, goods, or services on credit; or by guaranteeing payment to a third party who aids anybody by lending him money or providing him land, goods, or services on credit. (Emphasis added).
See Attorney General Opinion MW-461 (1982). The Supreme Court of Texas similarly concluded in City of Cleburne v. Brown,11 S.W. 404 (Tex. 1889) that the article XI, section 3, language specifying that a municipality could not in anywise "loan its credit" prevented a city from accepting, in lieu of cash, corporate bonds in payment for transferring its waterworks to a corporation.
In construing the meaning of particular words in a part of the Constitution of Texas, such as article III, section 52, resort may be had to other sections of the instrument for the sense in which the words are used. State v. Gillette's Estate,10 S.W.2d 984 (Tex.Comm'n App. 1928). In the light of the City of Cleburne holding, we believe the proscriptions of article III, section 52, and article XI, section 3, mean that county officers are not authorized — and cannot be authorized — to deliver county services to individuals, associations or corporations on credit unless some other provision of the constitution authorizes it to do so.
You have noted the provisions of Rule 142 of the Texas Rules of Civil Procedure, authorizing the clerk to require security for costs from the plaintiff before issuing any process, but specifying that the clerk "shall file the petition and enter the same on the docket." The emphasized provision, we believe, is necessary to comply with the command of article I, section 13, of the Constitution of Texas that
 [a]ll courts shall be open, and every person for and injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.
See Dillingham v. Putnam, 14 S.W. 303 (Tex. 1890). See also Union Century Life Ins. Co. v. Chowning, 26 S.W. 982 (Tex. 1894). Cf. Nelson v. Krusen, 678 S.W.2d 918 (Tex. 1984).
Thus, the county clerk must file and docket a petition presented for filing without requiring immediate payment therefor, because to refuse would deny the petitioner his constitutional right to open courts. Cf. LeCroy v. Hanlon, ___ S.W.2d ___ (Tex. 1986) (No. C-4745, opinion delivered July 2, 1986). But there is no warrant to extend credit for county fees, fines and other charges not similarly impinging on constitutional rights and privileges. See Robinson v. State, 29 S.W. 788 (Tex Crim.App. 1895); Attorney General Opinions MW-461 (1982), S-42 (1953). Cf. Tex.R.Civ.Proc. 145 (affidavit of inability to give security).
 SUMMARY
County officers are not authorized — and cannot be authorized — to deliver county services to individuals, associations or corporations on credit unless some provision of the Constitution of Texas authorizes it to do so.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Bruce Youngblood Assistant Attorney General