# Page *v.* The State.

*Indictment for Murder.*

1. *Opinion of physician; when admissible.*—A medical man, though not personally cognizant of the facts, may give his opinion as to the result of a wound or the cause of death, upon the facts proved on the trial; but where the facts are disputed, he can not give his opinion on the case on trial, but must be examined hypothetically, and his opinion on the state of facts which the jury regard as proved, then becomes evidence.

2. *Variance; what does not constitute.*—The mere mis-spelling in the

[Page v. The State.]

indictment of the name of the injured person, is immaterial, if the pronunciation of the name proved is satisfied by the manner in which it is written—*e. g.*—as where the name is spelled *P-r-e-y-e-r*, and pronounced as if written *Preyer* or *Pryor*.

APPEAL from Washington Circuit Court.

Tried before Hon. H. T. TOULMIN.

Isaac Page, the appellant, was indicted for the murder of Tobin Preyer. He was found guilty of murder in the first degree, and sentenced to imprisonment in the penitentiary for life; and having reserved a bill of exceptions, brings the case here by appeal.

On the trial, as the bill of exceptions states, the State "introduced Dr. Jack Baker, a physician, whom the State offered as an expert, to testify to the effect of a certain wound inflicted on the deceased, of the particulars of which wound witness was ignorant, and the nature of which had been given in evidence by one John Stucky, a witness for the State, and during the time Dr. Baker was out of the court-room and under the rule. The defendant objected to the examination of Dr. Baker, but the court overruled the objection, and defendant excepted; whereupon the court permitted Dr. Baker to testify hypothetically as to the effect of a similar wound."

The bill of exceptions further recites, that "there was evidence tending to show that deceased was called Tobe *Prior* or Tobe *Pryor*, as if it was thus spelled; but there was no evidence showing how his name was spelled. The defendant thereupon requested the court to charge the jury in writing, if they believed from the evidence that the name of the person killed was Tobin Pryor, or Tobin Prior, they must acquit the defendant." The court refused this charge, and the defendants excepted.

HARRY PILLANS, for appellant.—In Ward's case (28 Ala. 60), the court declares the rule to be, "if the names may be sounded alike, without doing violence to the power of the letter found in the variant orthography, then the variance is immaterial." This is the strongest case which can be cited in behalf of the State; and yet, even according to that decision, there was a fatal variance here. The witnesses called the deceased *Pry-or*, as if his name were thus spelled, but deceased is described as *Prey-er* in the indictment. No way in which *Prey-er* can be sounded will give the name *Pri-or* or *Pry-or*. The name the indictment intended to designate may have been *Puryea*, or *Prear*, or *Preyer*, but never the

(2)

[Page v. The State.]

common place name *Pryor*. Are not the two names more dissimilar than *Lyon & Lynes*, 5 Port. 236; *Humphreys* and *Humphrey*, 17 Ala. 35; *Barham* and *Barnham*, 6 Ala. 679? Yet in each of these cases the variance was held material.

HENRY C. TOMPKINS, Attorney-General, *contra.*—There was no error in permitting the witness Baker to testify as an expert, in the manner in which he was examined.— *Wilkinson v. Mosely*, 30 Ala. 567. The charge asked was properly refused. Nothing is more arbitrary than the pronunciation of proper names. This court can not judicially know that *Preyer* is not pronounced *Pryor*. In ordinary words, where the pronunciation is governed by rules, the dipthong *ey* has three sounds; that of long *a*, long *e*, and also a slight sound of *e*, as in valley. Give it either sound in the indictment, and the difference in the sound of the name proved and that alleged, is certainly no more perceptible than that between *Edmindson* and *Edmundson*, which were held to be *idem sonans*, in *Edmundson v. The State*, 17 Ala. 179.

BRICKELL, C. J.—1. The opinions of medical men as to the cause of death, or of disease, or as to the consequence of wounds, though not founded on observation of the person afflicted, or who may have died, but on the facts as proved by other witnesses, it is the constant practice to receive in evidence. If the facts are disputed, they are not allowed to express an opinion upon the case on trial, for the case as they determine it, might not be the case the jury would find from the evidence. *Then*, they may be examined hypothetically— the counsel on each side may put to them such states of fact, as the evidence warrants, and ask an opinion thereon. The opinion on the state of facts the jury regard as proved, then becomes evidence.—1 Green. § 440; 1 Whart. Ev. § 452; *U. S. v. McGlue*, 1 Curt. C. C. 9; *Dexter v. Hall*, 15 Wall. 9; *Wilkinson v. Mosely*, 30 Ala. 572. From the meagre statement of the bill of exceptions it is fair to infer this was the course pursued in the examination of Dr. Baker.

2. An indictment for murder must be so certain as to the party against whom the offense was committed that the prisoner will know and understand who it is he is charged with having killed. A variance in the name of the party slain, at common law, entitled the prisoner to an acquittal, though it was not a bar to a second indictment identifying the slain by his true name.—Whart. Hom. §§ 796, 804. The statute authorizes an amendment correcting the misdescription, with

[Kelly v. The State.]

the consent of the prisoner, or if he refuses to consent, the prosecution may before the jury retire, be dismissed, and the court may order a new indictment preferred.—Code of 1876, §§ 4816–17. The indictment avers the name of the deceased was *Tobin Preyer*. The evidence on the trial not showing the true spelling of his name, did show that it was pronounced as if written *Pryor*, or *Prior*. The mere misspelling of the name of the party injured, will not vitiate, or produce a fatal variance. The test is whether the pronunciation of the name proved, is satisfied by the manner in which it is written.—Whart. Hom. § 796; *Ward v. State*, 28 Ala. 53. Greater latitude is allowed in the pronunciation of proper names than in any other description of words. Numerous cases in which the name proved has been pronounced *idem sonans*, with that averred, though differing in spelling, are collected in 1 Whart. Cr. Law, § 597. Precedents afford however but little aid in determining the question. Whether the name as written, would be pronounced as it is shown the name of the deceased was pronounced, depends upon whether the letter *e* would be sounded, and the sound which would be given it. It is most probable that it would not be separately *sounded*, and the pronunciation of the two names would be generally identical. There was not a substantial variance between the name written and the name proved, and the charge requested was properly refused.

Judgment affirmed.