## ABE CLINE V. THE STATE.

### No. 577.   Decided May 1.

1. **Motion for New Trial—Continuance—Practice on Appeal.**—On a motion for new trial, where an application for continuance to prove an alibi is considered in connection with the other evidence, which showed that the absent witness knew nothing of defendant's alibi, as stated in the application, the court on appeal will hold, that the application was properly overruled.

2. **Same.**—On a motion for new trial, where the application for a continuance is considered in connection with the other evidence, and it appears that the proposed testimony of an absent witness, as stated therein, is not probably true, the court on appeal will hold, that the application was properly overruled.

3. **Postponement.**—Where, after the case was called for trial, defendant asked a postponement until he could get a witness, whom he had made no effort to obtain until this stage of the case, by process or otherwise, and no explanation was offered for his failure to call for and have process issued, *Held*, grossest negligence; and that the postponement was properly refused.

4. **Idem Sonans.**—"Helmer" and "Hillmer" are idem sonans.

APPEAL from the District Court of Gonzales.   Tried below before Hon. T. H. SPOONER.

Appellant was charged by indictment with the theft of a horse, the property of one H. P. Hilmer, and at his trial was convicted, the punishment assessed being a term of ten years in the penitentiary.

No statement necessary.

*W. W. Glass*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Viewed in the light of the motion for a new trial, the court did not err in refusing the application for a continuance. The absent witness, Abe Cline, Jr., would have testified, that he was not with appellant at the time the horse is alleged to have been stolen, and had not seen defendant for ten days or more before the theft, and for nearly three months thereafter, and knew nothing of his whereabouts, and nothing of his connection with the matter one way or another.   He knew nothing of appellant's alibi, as stated in his application.   Besides, the alibi set up was to the effect that appellant was in De Witt County, whereas he was in Lavaca County, some distance away.   Nor is it probably true that the other witness' (Butler's) evidence would have been believed had he testified, as set up, that one Johnson was seen in the possession of the stolen horse on August 26th or 27th, when the facts show, that appellant sold the horse on August 22nd to J. R. Davis, and in the face of his own admission that he stole the animal on the night of August 20th.

In the absence of the original indictment, we are unable to revise the point that there is a variance between the allegation and proof in regard to the name of the owner.   It is urged in the bill of exceptions

that the true name is spelled "Helmer," whereas the record shows it to be spelled "Hilmer." The original indictment does not accompany the record.

Defendant alleges error because the court refused, upon his written application, to issue attachment to Yoakum, De Witt County, for H. E. Criswell, by whom he stated he expected to show that he was in Yoakum on the 21st and 22nd days of August. There is no such written application found in the record. The court qualified this bill by stating: "Defendant first had attachment issued to Yoakum, in De Witt County, for one Montgomery, who was duly attached and appeared, and, after reaching court, defendant's counsel informed the court that he could not prove the fact by Montgomery he had expected, and asked the court to give him attachment for Levy and Jourden, who resided at Yoakum; that he expected to prove the facts set out in his application for attachment, namely, his whereabouts at and about the time the horse was alleged to have been taken, and asked the court not to call the case for trial until he could get them here, which the court agreed to do, and did not call the case until Levy and Jourden came, when defendant's counsel desired postponement of the cause until he could get Criswell, from Yoakum, which the court refused to do. The fact defendant expected to prove by witness Criswell was proved by Anna Roberson, and also by Jourden and Levy." This record shows no effort to obtain Criswell until at this stage of the case. There was no process issued for Criswell, nor any reason given why such process had not been called for or issued. In this the grossest negligence is apparent, and the court did not err in not further postponing the case.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.

### ON MOTION FOR REHEARING.

On a former day of this term the judgment herein was affirmed. The motion for rehearing is based upon the alleged variance between the name of the owner of the stolen horse set out in the indictment and the name of such owner as proved on the trial. Concede that the indictment alleges the owner's name to be "Helmer" instead of "Hilmer," then it is idem sonans with "Hillmer," as proved. Whenever "the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the misspelling and variance is immaterial." Milontree v. The State, 30 Texas Crim. App., 151; Foster v. The State, 1 Texas Crim. App., 531; Goode v. The State, 2 Texas Crim. App., 520; Henry v. The State, 7 Texas Crim. App., 388. There was a question raised in the trial below whether the name of the owner as set forth in the indictment was spelled "Helmer" or "Hilmer," the appellant's contention being that it was "Helmer." This motion

is disposed of upon the theory that the indictment spelled the name "Helmer," not, as contended, "Hilmer," as urged by the State. The names are sounded alike, and are idem sonans with "Hillmer," as the owner's name is in fact spelled.

Motion for rehearing is overruled.

*Motion overruled.*

Judges all present and concurring.