### CHARLES BROD v. THE STATE.

#### No. 2006. Decided May 31, 1900.

`1. Forgery—Check by Partnership—Indictment.

An indictment for forgery or uttering a forged check purporting to have been drawn by a copartnership firm need not allege the individual names of the partners or members of the firm, or that their names were unknown to the grand jury. Following Howard v. State, 37 Texas Criminal Reports, 494.

2. Special Instructions—Absence of Statements of Facts—Practice on Appeal.

On appeal in the absence of a statement of the facts it will be presumed that the court properly refused special requested instructions.

APPEAL from the District Court of Mills. Tried below before Hon. JOHN M. FURMAN.

Appeal from a conviction of uttering and passing a forged instrument; penalty, two years imprisonment in the penitentiary.

No statement of facts in the record.

No briefs on file for either party.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Forgery and uttering forged instrument were alleged in appropriate counts in the indictment, upon a check drawn in favor of B. A. Harris or bearer, for the sum of $300, on the First National Bank of Goldthwaite, signed by Humphries & Co. Motion was made to quash the indictment because the instrument was the act of partnership or firm, and the individual names of the partners or members of the firm are not set out in the indictment, nor does said indictment allege the names of said partners or members of the firm were unknown to the grand jury. The conviction was obtained under the second count, to wit, for passing or uttering the instrument. The court acted properly in overruling the motion. See Howard v. State, 37 Texas Criminal Reports, 494, which is directly in point. The alleged forged instrument in that case was signed by John Finnigan & Co., and there were no averments as to the names of the parties, or whether it was an individual firm or corporation. Motion in arrest of judgment was overruled in that case upon the point raised on this appeal.

A bill of exceptions was reserved to the action of the court refusing two special instructions requested by appellant. The first instructed the jury, in substance, that a man once adjudged insane is presumed to be insane until the contrary appears to the satisfaction of the jury, and, if defendant was adjudged insane by the County Court of Lavaca County, such insanity would be presumed to continue until the State had overcome this by a preponderance of evidence; and the second was to the effect that the jury, in passing on the question of insanity, should consider all the acts and conduct of appellant at the time and prior to the commission of the alleged offense, as well as his acts occurring since. The evidence is not before us. Therefore we must presume the court correctly refused the instruction. Without a statement of facts we are unable to say that the court did not submit the issues, or that evidence was adduced showing, or tending to show, appellant had been adjudged insane by the County Court of Lavaca County. As presented, there is no error in the record, and the judgment is affirmed.

*Affirmed.*