## LON GENTRY v. THE STATE.

### No. 1156.   Decided May 3, 1911.

### Rehearing Denied May 31, 1911.

**1.—Aggravated Assault—Information—Jurat.**

Where the affidavit showed that the jurat was made before a justice of the peace, there was no error although the precinct of which he was the justice of the peace was left blank; besides the number of the precinct appeared in the endorsement.

**2.—Variance—Name of Defendant—Idem Sonans.**

Where the information charged that "Lon Gentry" committed the assault on "one Minnie Wakefield," and the complaint charged that "Laun gentary" committed the assault on "on Minnie Waikefield," the same was idem sonans and there was no reversible error.

**3.—Same—Filing—Complaint—Information.**

    Where the complaint was filed on April 30, 1910, and the information June 9, 1910, there was no reversible error.

**4.—Same—Idem Sonans, Doctrine of—Variance.**

    The doctrine of idem sonans has been much enlarged by modern decisions to conform to the growing rule that a variance to be material must be such as would mislead a party to his prejudice.

    Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

    Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

    The opinion states the case.

    *Mark McMahon,* for appellant.—On question of idem sonans and variance: Burgamy v. State, 4 Texas Crim. App., 572; Jones v. State, 25 Texas Crim. App., 621; Brown v. Marqueze, 30 Texas, 77; Haney v. State, 2 Texas Crim. App., 504; Wiedemeyer v. Brown, 21 Texas Civ. App., 428; Carhart v. Britt, 3 Texas App. Civ., sec. 373; Shields v. Hunt, 45 Texas, 424; Waters v. State, 31 S. W. Rep., 642; Faver v. Robinson, 46 Texas, 204; Parchman v. State, 2 Texas Crim. App., 228; Simpson v. Johnson, 44 S. W. Rep., 1076; Selman v. Orr, 75 Texas, 528; McDevro v. State, 23 Texas Crim. App., 429; Ellis v. State, 3 Texas Civ. App., 170; Brown v. State, 28 Texas Crim. App., 65; Niederluck v. State, 21 Texas Crim. App., 320.

    *C. E. Lane,* Assistant Attorney-General, for the State.

    PRENDERGAST, Judge.—Appellant was convicted of aggravated assault and given the lowest penalty—a fine of $25—the charge having been made by complaint and information.

    The charging part of the complaint is as follows: "Before me, the undersigned authority, this day personally appeared J. N. Ball, who, being by me duly sworn, deposes and says that he has good reasons to believe and does believe that, before making this complaint in Fannin County, Texas, on or about the 1st day of April, A. D. 1910, one Laun gentary did then and there unlawfully, who was then and there an adult male, did commit an aggravated assault in and upon the person of Minnie Waikefield, the said Minnie Waikefield then and there being a female. Contrary to law and against the peace and dignity of the State.                       "J. N. Ball.

    "Sworn to and subscribed before me this 30th day of April, 1910.

                                            "W. A. Daniel,

    "Justice of the Peace, Precinct No. ——, Fannin County, Texas.

    "Endorsed. Affidavit. The State of Texas versus Laun gentery. Filed the 30th day of April, 1910. W. A. Daniel, Justice of the Peace, Precinct No. 6, Fannin County, Texas."

The information is as follows:

"I, J. W. Donaldson, County Attorney, in and for the county of Fannin and State of Texas, duly elected and qualified, now here, in the County Court of said county, present this information and show to the court that one Lon Gentry, late of the county of Fannin, heretofore, viz, on or about the 1st day of April, A. D. 1910, with force and arms, in the county of Fannin, State of Texas, did then and there unlawfully, who was then and there an adult male, did commit an aggravated assault in and upon the person of one Minnie Wakefield, then and there being a female, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.                                    "J. W. Donaldson,

                "County Attorney, Fannin County, Texas."

Both the complaint and information started "In the name and by the authority of the State of Texas." In addition to the filing of the complaint in the Justice Court, both it and the information were filed in the County Court on June 9, 1910.

There was no statement of facts, but were some bills of exception, which were filed after the adjournment of the court and without any order entered permitting this. Hence, these bills of exception can not be considered. Williams v. State, 35 Texas Crim. Rep., 391. However, the material questions raised by the bills of exception were also presented in the motion to quash the complaint and information, and are so raised thereby that it is necessary to pass upon them.

The first ground of the motion to quash is that the affidavit or complaint was not taken by a justice of the peace of any precinct of Fannin County. As shown above, the affidavit was made and signed by J. N. Ball, and the jurat shows that it was sworn to and subscribed "before me this 30th day of April, 1910. W. A. Daniel, Justice of the Peace, Precinct No. ——, Fannin County, Texas," and was then endorsed and filed as follows: "Affidavit. The State of Texas versus Laun gentery. Filed the 30th day of April, 1910. W. A. Daniel, Justice of the Peace, Precinct No. 6, Fannin County, Texas." The information substantially conforms to the complaint which is all that is required under the law. Code Criminal Procedure, articles 257, 466 and 467. The jurat, although the precinct of which the magistrate is justice of the peace is left blank, we believe to be sufficient within itself (Nieman v. State, 29 Texas Crim. App., 360), and especially when taken in connection with the filing indorsed thereon it is amply sufficient. The complaint may be made and sworn to before any justice of the peace.

The next ground of the motion is that there is a fatal variance between the complaint and information in that the complaint charges "Laun gentary" with committing an aggravated assault on "on Minnie Waikefield," while the information charges "Lon Gentry" with committing an aggravated assault on "one Minnie Wakefield." The

second "on" was evidently meant for the word "one," but it is clearly surplusage, and need not be considered either in the complaint or information.    Mayo v. State, 7 Texas Crim. App., 342; Mathews v. State, 39 Texas Crim. Rep., 553.    "Laun Gentary" is idem sonans with "Lon Gentry."   Wilks v. State, 27 Texas Crim. App., 381; Henry v. State, 7 Texas Crim. App., 388.   And so is "Minnie Waikefield" with "Minnie Wakefield."

There is no merit in appellant's last ground of his motion to quash because the complaint was filed on April 30, 1910, and the information not until June 9, 1910.   Roberson v. State, 15 Texas Crim. App., 317.

The lower court did not err in not quashing the complaint and the information on any of the grounds set up.   The judgment is, therefore, affirmed.

*Affirmed.*

ON REHEARING.

May 31, 1911.

PRENDERGAST, JUDGE.—The appellant has filed a motion for rehearing, and earnestly insists that this court erred in holding that the name "Laun Gentary" is *idem sonans* with "Lon Gentry," and cites several cases where different words were held not to be *idem sonans,* decided by the courts of this State.

The doctrine of *idem sonans* has been much enlarged by modern decisions to conform to the growing rule that a variance, to be material, must be such as would mislead a party to his prejudice.   State v. White, 34 S. C., 59; 12 S. E., 661; 27 Am. St. Rep., 783.

Again, as laid down in 29 Cyc., 272, the rule is as follows: "The law does not regard the spelling of names so much as their sound. By the doctrine of *idem sonans* if two names, although spelled differently, sound alike, they are to be regarded as the same.   Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial.   Even slight differences in their pronunciation is unimportant; if the attentive ear finds difficulty in distinguishing two names when pronounced, they are *idem sonans,"* citing in note 54, p. 272, a large number of names which are held by the courts to be *idem sonans.*   In many of them the spelling is much different, and if the pronunciation was attempted to be given of each letter any syllable in the name in an accurate and particular way, there would be much greater difference than in the names we hold *idem sonans* in this case.   No injury whatever to the appellant by spelling his name in the complaint "Laun Gentary" and in the information "Lon Gentry."

The motion for rehearing will be overruled.

*Overruled.*