## WILLIE ARRINGTON ᴠ. THE STATE.

### No. 1183.  Decided May 17, 1911.

**1.—Receiving Stolen Property—Bills of Exception—Extension.**

Where the order extending the time for filing a statement of facts did not include the bills of exception, the latter could not be considered on appeal.

**2.—Same—Insufficiency of the Evidence—Venue.**

Where, upon trial for receiving and concealing a stolen horse, there was no evidence that the defendant had received and concealed the alleged horse in the county of the prosecution, the conviction could not be sustained.

Appeal from the District Court of DeWitt County.  Tried below before the Hon. John M. Green.

Appeal from a conviction of receiving and concealing a stolen horse; penalty, seven years confinement in the penitentiary.

The opinion states the case.

*J. P. Parris,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The indictment in this case contains two counts, one charging appellant with theft of a horse, and the other charging him with receiving the horse, knowing it was stolen and concealing it in DeWitt County, Texas.

The term of court at which appellant was tried adjourned February 3, 1911.  The bills of exception and statement of facts were not filed until March 11, 1911—more than thirty days after the adjournment of court.  There is in the record an order extending the time for filing the statement of facts, but none in regard to the bills of exception.  Therefore, that part of the motion filed by the Assistant Attorney-General is sustained, and the bills of exception are stricken from the record.

The charge of the court submitted to the jury both counts in the indictment, and the jury returned a verdict finding defendant guilty under the second count, in which he was charged with receiving and concealing stolen property in DeWitt County.

The evidence shows defendant was in possession of the stolen horse and sold it to J. W. Moore, in Fayette County, Texas, and the circumstances would be sufficient to sustain the finding that he knew it was stolen, but the record fails to disclose where he obtained possession of the horse, except insofar as his testimony relates to the

matter.  He testifies that he got the horse from Jones & Rogers at Flatonia, Texas.  Flatonia is in Fayette County also.  The jury under the circumstances in this case could have found the defendant guilty of theft of the horse under the first count in the indictment, and had they done so the evidence would have sustained it.  But they did not do so; in fact, by their verdict find he did not steal the horse, and if he did not, there is no evidence in the record which would show the horse ever to have been in possession of defendant in DeWitt County, Texas.  We have searched the record carefully, for if there was any evidence in the record that he had received and concealed the horse in DeWitt County, Texas, this judgment should be affirmed; for it is shown that defendant was in possession of three horses at West Point, all of which were stolen, and afterwards recovered by their owner.  However, no matter how guilty we might judge the defendant to be, yet we can not sustain a verdict against the defendant for receiving and concealing a stolen horse in DeWitt County, Texas, when there is no evidence or circumstance in the record that he received or concealed the horse in that county, in the face of the finding of the jury that he is not the person who stole the horse.

We are loath to reverse a case on account of the insufficiency of the evidence, but when there is no evidence upon which to base a finding, it can not be sustained.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*