### W. A. MORVILLE v. THE STATE.

#### No. 1342.   Decided November 8, 1911.

#### Rehearing denied December 6, 1911.

**1.—Forgery—Indictment—Partnership.**

Where the indictment alleges the forgery of a firm name, it need not allege that this is a partnership and name the members thereof, in a prosecution for forgery. Following Brown v. State, 60 Texas Crim. Rep., 505, and other cases.

**2.—Same—Evidence—Partnership.**

Where, in a prosecution for forgery, the indictment alleged a firm name, there was no error in admitting testimony who the members of the firm were, and that the check was in the handwriting of neither one, nor authorized to be signed by either.

**3.—Same—Evidence—Bill of Exceptions.**

Where there is no bill of exceptions to the evidence objected to, the same can not be considered on appeal.

**4.—Same—Charge of Court—Good Faith.**

Where there was no evidence as to good faith of defendant, no charge was required thereon; besides, if a person owes another, he is not authorized to sign his creditor's name to a check.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.—When the indictment contains a purport clause, and the injured party is a partnership or corporation, this should be alleged and the names of the partnership given: Reeseman v. State, 59 Texas Crim. Rep., 431; Carter v. State, 55 id., 43; Carder v. State, 35 id., 105; Lucas v. State, 39 id., 48; Webb v. State, id., 534; Colter v. State, 40 id., 165; Huckaby v. State, 45 id., 577; Labbaite v. State, 6 Texas Crim. App., 483.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case, appellant was convicted of the offense of forgery, upon an indictment duly presented by the grand jury of Dallas County.

Appellant attacks the validity of the indictment, and this presents the only serious question in the case. The indictment reads as follows:

"In the name and by the authority of the State of Texas, the grand jurors, good and lawful men of the county of Dallas and State of Texas, duly elected, tried, empaneled, and sworn and charged to inquire of offenses committed within the body of said county of Dallas, upon their oaths, do present in and to the Criminal District Court of Dallas County, at the July term, A. D. 1909, that one W. A. Morville, on the 17th day of July, in the year of our Lord, One Thousand Nine Hundred and Nine, with force and arms, in the county and State aforesaid, without lawful authority, and with intent to injure and defraud, did willfully and fraudently make a certain false instrument in writing purporting to be the act of another, (to wit, purporting to be the act of Austin Brothers,) which said false instrument is to the tenor as follows:

Dallas, Texas, July 17, 1909.
The American Exchange National Bank of Dallas.
Pay to the order of W. A. Morville $10.00 Ten and 00/100 Dollars.
Austin Bros.
Charge same to account of one month's drayage.

The contention of appellant being that, as the indictment alleged the forgery of a firm name, it should have alleged that Austin Bros. was a firm or partnership, and should also have alleged the name of the members of the firm or partnership. Appellant's contention seems to have some support in the case of Labbaite v. State, 6 Texas Crim. App., 483, but this case seems not to have been followed in the later decisions of this court. In the case of Brown v. State, 60 Texas Crim. Rep., 505, 132 S. W. Rep., 789, it is held: "Finally, it is urged that the indictment is insufficient in that it fails to allege whether or not the Cameron Live Stock Company was a partnership, a joint stock company, or a corporation. The contention seems supported by Lab-

baite v. State, 6 App., 483. However, that case was overruled in the more recent case of Howard v. State, 37 Texas Crim. Rep., 494." Again in the case of Brod v. State, 42 Texas Crim. Rep., 71, this court, speaking through Presiding Judge Davidson, says: "Motion was made to quash the indictment, because the instrument was the act of partnership or firm, and the individual names of the partners or members of the firm are not set out in the indictment, nor does said indictment allege the names of said partners or members of the firm were unknown to the grand jury. The court acted properly in overruling the motion." All the more recent cases hold that it is not necessary to allege the names of a firm or partnership in an indictment for forgery, or allege that it is the act of any particular person.

Appellant also objected to the evidence being introduced that the firm of Austin Bros. was composed of Frank Austin and Geo. L. Austin, and that the alleged false instrument was in the handwriting of neither one, nor authorized to be signed by either of them. In the authorities above cited, the objection is held not to be tenable.

The complaint in the motion in regard to the testimony of the witness, Michalson, can not be considered by us, as there is no bill of exceptions in the record reserved to it being admitted.

Appellant also complains that the court erred in not charging the jury "that if defendant made the instrument complained of, but at the time the said Austin Bros. owed him or his father for whom he was working, for hauling or otherwise, and that defendant, in so making the instrument, intended that said check should be credited on the hauling account, he should be acquitted." There was no evidence calling for this character of charge, and if such evidence had been introduced, it would be no defense to a charge of forgery. If one person should owe another, it would not authorize such person to sign his creditor's name to a check, and obtain money thereon, representing that such instrument had been signed by his employer.

The judgment is affirmed.

*Affirmed.*