F. E. Pye v. The State.

No. 1808.   Decided June.19, 1912.

Rehearing denied January 29, 1913.

**1.—Forgery—Venue—Jurisdiction—Evidence.**

Where, upon trial of forgery, the defendant contended that he wrote and signed the alleged note in a county other than that of the prosecution, but the State showed that the note was payable and dated in the county of the prosecution, and that the defendant lived and did business there and the court properly submitted the issue of venue in his charge to the jury, there was no error on this ground.

**2.—Same—Venue—Circumstantial Evidence.**

It has been held by this court that although proof of venue be wholly circumstantial, the court is not required to charge on circumstantial evidence as to venue. Following Stedhan v. State, 40 Texas Crim. Rep., 43.

**3.—Same—Rule Stated—Venue.**

Where, from the evidence, the jury may reasonably conclude that the offense was committed in the county alleged, this court will not disturb their finding. Following Hoffman v. State, 12 Texas Crim. App., 406, and other cases.

**4.—Same—Charge of Court—Requested Charges.**

Where, upon trial of forgery, there were circumstances in evidence upon which to base a finding of the jury that the venue was in the county of the prosecution, and the court submitted a proper charge thereon, there was no error in refusing special charges on this issue. Distinguishing Arrington v. State, 62 Texas Crim. Rep., 357; Smith v. State, 25 Texas Crim. App., 454; Miles v. State, 23 Texas Crim. App., 410.

**5.—Same—Venue—Equitable Lien.**

Where an equitable lien could be secured and enforced on land in the county of the .prosecution, the venue was properly laid in said county. Article 235, Code Criminal Procedure.

**6.—Same—Name of Party Injured—Idem Sonans.**

Where, upon trial of forgery, the prosecuting witness testified her name was "Rene Perry," and the name signed to the alleged forged note was "Reen Perrey," the names were idem sonans, and there was no error in permitting prosecutrix to testify that she had not signed the note or authorized any person to sign her name thereto.

**7.—Same—Rule Stated—Misspelling.**

The law not regarding orthography, no harm comes from misspelling a name, provided it is idem sonans with the true spelling. Following Koontz v. State, 41 Texas, 570, and other cases.

**8.—Same—Rule Stated—Idem Sonans.**

Where words pleaded and those proved can be sounded alike without doing violence to the power of the letters found in the variant orthography, a discrepancy between the pleading and proof will be disregarded, the true rule being that the misspelling to be material must have changed the word intended into another word having a different meaning, etc. Following Goode v. State, 2 Texas Crim. App., 520, and other cases.

**9.—Same—Case Stated—Name of Party Injured.**

Where, upon trial of forgery, the defendant admitted on the witness stand that it was the name of "Rene Perry" he signed and intended to sign to the

alleged note, etc., there was no error in permitting the prosecuting witness to testify that she had not signed the note and had not authorized defendant to sign her name to it.

### 10.—Same—Sufficiency of the Evidence.

Where, upon trial of forgery, defendant admitted that he signed the prosecuting witness' name to the alleged forged note, claiming that he thought he was authorized to do so, which prosecutrix denied, and there were other facts in evidence corroborating her testimony, the conviction was sustained.

### 11.—Same—Requested Charges.

Where the requested charges were refused and so far as applicable to the case, were fully covered by the main charge, there was no error.

### 12.—Same—Indictment—Purport Clause.

In an indictment for forgery, it was not necessary to allege whose act it purported to be or who was intended to be defrauded, it being sufficient in other respects. Following Howard v. State, 37 Texas Crim. Rep., 494, and other cases.

### 13.—Same—Ex Parte Affidavits—Practice on Appeal.

The Court of Criminal Appeals can not consider ex parte affidavits which counsel contend strongly support defendant's testimony on the trial and going to the merits of the case and developed after the trial, this is a matter for the trial courts and not for the Appellate Court.

Appeal from the District Court of Brazos. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. G. Love* and *R. E. Hannay* and *V. B. Hudson* and *E. T. Branch* and *McDonald Meachum* and *McGregor & Gaines,* for appellant.—On question of ex parte affidavits and supplementary matters: Hardeman v. State, 12 Texas Crim. App., 350.

On question of insufficiency of the evidence: McCay v. State, 32 Texas Crim. Rep., 233; Sweet v. State, 28 Texas Crim. App., 223; Knowles v. State, 74 S. W. Rep., 767; Jones v. State, 69 S. W. Rep., 143.

On question of name of injured party: Simmons v. State, 61 Texas Crim. Rep., 7; Webb v. State, 39 id., 534; Feeney v. State, 58 Texas Crim. Rep., 152; Mills v. State, 65 Texas Crim. Rep., 497, 145 S. W. Rep., 368; Joiner v. State, 46 Texas Crim. Rep., 408.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of idem sonans: Hennessy v. State, 23 Texas Crim. App., 340, and cases cited in opinion.

On question of venue: Hoffman v. State, 12 Texas Crim. App., 407, and cases cited in opinion.

HARPER, JUDGE.—Appellant was indicted, charged with forgery, and was convicted and his punishment assessed at two years confinement in the penitentiary.

We have carefully read the record in this case, and it is earnestly insisted that the venue of the offense is not shown to have been in Harris County. Appellant admits he signed the name alleged to the note, but says he wrote the note and signed his name to it in Beaumont, therefore Harris County has no jurisdiction over the offense. The testimony relied upon by the State to show venue in Harris County—that the note was really signed in Harris County—is, the note is dated in Houston, and payable in Houston. When the grand jury of Harris County summoned Reen Perry before it, he went to see her and tried to get her to admit that she had signed the note. Failing in this, he tried to get her to say that she authorized him to sign her name to the note; that appellant lived in Harris County, and was engaged in business in that county. The circumstances were such as to authorize the submission of this question to the jury, and the court charged the jury:

"If you believe from the evidence that the defendant signed and executed the note described in the indictment in Jefferson County you will acquit the defendant, or if you have a reasonable doubt thereof you will acquit the defendant, although you may believe that the signing and execution of said note was under the definition above given you a forgery.

"In all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt you will acquit him, and say by your verdict 'not guilty.'"

This was a fair and full submission of the issue, and under it the jury finds that appellant executed the instrument in Harris County. It has been held by this court that although proof of venue be wholly circumstantial, the court is not required to charge on circumstantial evidence as to venue. (Steadham v. State, 40 Texas Crim. Rep., 43.) And where from the evidence the jury may reasonably conclude that the offense was committed in the county alleged, this court will not disturb their finding. Hoffman v. State, 12 Texas Crim. App., 406; McGill v. State, 25 Texas Crim. App., 499, and cases cited in these opinions. We are cited by appellant to the cases of Arrington v. State, 62 Texas Crim. Rep., 357, 137 S. W. Rep., 669; Smith v. State, 25 Texas Crim. App., 454, and other cases. By reference to the Smith case it will be seen there was no allegation of venue in the information, and, of course, it was insufficient. In the Arrington case there was no proof of venue, and no circumstances upon which a finding could be based and the testimony excluded venue, as was the case of Miles v. State, 23 Texas Crim. App., 410, and the other cases cited. Of course, if there were circumstances in this case upon which to base such finding, the cases would be in point, but in this case there are a number of facts and circumstances proven, and it was proper for the court to submit that issue to the jury for their finding; and the court did not err in refusing to give the peremptory instructions requested. Nor was there error in refusing to give the other special charges requested on the issue of venue, as

the court in its main charge had properly instructed the jury on that issue.

Again, in this note it is recited that it is secured by a deed of trust on certain property described, situated in the City of Houston, in Harris County. While as a fact, the evidence shows no deed of trust had ever been executed, yet if the note had been a valid instrument, executed by Rene Perry and payable to F. E. Pye, appellant, and appellant had negotiated same, in the hands of an innocent purchaser for value, the courts would have decreed an equitable lien and foreclosed it against the property recited in the note, and on which it was alleged a lien had been executed to secure the payment of the note, and article 235 of the Code of Criminal Procedure provides that the offense of forgery may be presented in any county where the written instrument was forged; and all forgeries in writing which concern or affect the title to land may be prosecuted in the county in which the land is situated. The land being situated in Harris County, and this instrument being such that an innocent holder thereof could, under the recitations, enforce a lien against the land, the venue was properly laid in Harris County.

The prosecuting witness testified her name was Rene Perry. The name signed to the alleged forged note was "Reen Perrey." Defendant objected to the prosecuting witness, Rene Perry, being permitted to testify that she had not signed the note, nor authorized any other person to sign her name to the note, stating that there were no averments that the name "Reen Perrey" signed to the note was intended for Rene Perry, the name of witness. The prosecuting witness stated that appellant admitted to her that he had signed her name to this $5000 note, she testifying: "He said, 'Miss Rene, you remember when you came over, you wanted me to get that money for you, and I thought you wanted to get $5000,' and he said, 'I went and got the money while you were away to have it for you when you came back, as I thought you needed it.' I said, 'You did what?' He said, 'I got the money,' he said, 'I got $5000 on your property, I signed your name,' and he said, 'I mortgaged and forged your name, that is all you can call it,' were his words to me. Of course I was shocked, and I said, 'What?' He said, 'That is all you can call it, Miss Rene.' One time he asked me if I could do anything for him by not appearing at the grand jury. He said if he had known I was here, he would have given me money to defray my expenses. He told me to stay away from the grand jury, that they could not force me to tell; that I could plead sickness—he would get a doctor's certificate, saying I was too ill to appear; said he would be before it; and then he asked me if I would say I signed the note, saying I didn't know what I was doing, or that I had authorized someone in the family or him or anyone else to sign the note, or that I didn't even remember signing it. I asked him when they took me up to the grand jury if they didn't put me under oath, and he said, 'Yes,' and I said, 'Mr. Pye, it will be impossible for me to lie under oath, although I am not disposed to make

trouble for you.' I says, 'If I can do anything otherwise'—I says, 'The most I can do is not to volunteer any information.' "

Mr. Cox testified that appellant admitted in his .presence that the prosecuting witness' name was the one he had signed to the note, and he heard him ask her not to go before the grand jury, and other requests testified to by Miss Perry.

Appellant testified in his own behalf and admitted that it was the prosecuting witness' name he had signed to the note, and said it was really written Perry and not Perrey—that that was the way he made a. "y." Appellant insists that although the testimony shows it was the name of prosecuting witness which had been signed to the note, the fact that it had been misspelled, and no explanatory averments being found in the indictment, the testimony was inadmissible. The note was introduced in evidence, and the name signed to the note is spelled as. alleged in the indictment. Miss Perry, however, testified that she spells her name "Rene" and not "Reen," although she testified she was frequently known as "Reen,"—that lots of people call her "Rennie" and others call her "Réen." Bishop in his Criminal Procedure, section 688, says: "The law not regarding orthography, no harm comes from misspelling a name, provided it is idem sonans with the true spelling. In reason, on a question not much discussed in the books, the court or jury should determine the pronunciation of the misspelled word in the light of the rule that of two or more not unreasonable interpretations of an indictment, the one shall be adopted which sustains the proceedings; so that if the misspelled name can fairly be pronounced substantially the same as is the true one, there is no variance. Or, as expressed by Stone, J., 'If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial,' " citing 2 Hawk., P. C., c. 27, sec. 81; Tibbets v. Kiah, 2 N. H., 557; Petrie v. Woodworth, 3 Caines, 218; Com. v. Gillespie, 7 S. & R., 469, 10 Am. Dec., 475; State v. Upton, 1 Dev., 268; Rex v. Shakespeare, 10 East, 295; State v. Lincoln, 17 Wis., 597; Smurr v. State, 88 Ind., 504; Wilks v. State, 27 Texas Crim. App., 381; Page v. State, 61 Ala., 16. And see People v. Mayworm, 5 Mich., 146. For illustrations, see, for example, Donnelly v. State, 78 Ala., 453; State v. Witt, 34 Kan., 488; Vance v. State, 65 Ind., 460; Rooks v. State, 83 Ala., 79; Underwood v. State, 72 Ala., 220; State v. Hare, 95 N. C., 682; Com. v. Stone, 103 Mass., 421; Jackson v. State, 74 Ala., 26; Ward v. State, 28 Ala., 53.

In the Texas case above cited, wherein the name was spelled "Fauntleroy" and also spelled "fontleroy," it was held immaterial as they both were pronounced alike. Again in section 354, Mr. Bishop says wrong spelling will not render an indictment insufficient, citing State v. Earp, 41 Texas, 487; Koontz v. State, 41 Texas, 570; Thomas v. State, 2 Texas Crim. App., 293; Brumley v. State, 11 Texas Crim. App., 114; Stinson v. State, 5 Texas Crim. App., 31; Somerville v. State, 6 Texas

Crim. App., 433; Witten v. State, 4 Texas Crim. App., 70; Hudson v. State, 10 Texas Crim. App., 215.

In Encyclopaedia of Pleading and Practice, volume 22, page 569, it is said: Where words pleaded and those proved can be sounded alike without doing violence to the power of the letters found in the variant orthography, a discrepancy between the pleading and proof will be disregarded, and is not fatal in any form of legal proceeding, the true rule being that the misspelling, to be material, must have changed the word intended into another word having a different meaning. And where a word, place or thing is commonly known or identified by more than one appellation, no fatal variance takes place because one of such words is used in the pleading and another in the proof, notwithstanding the words do not sound alike, if the opposite party is not misled. (Page v. State, 61 Ala., 16; Bennett v. State, 62 Ark., 516; People v. Phillips, 70 Cal., 61; McDonald v. People, 47 Ill., 533; Cleveland v. State, 20 Ind., 444; State v. Collins, 115 N. C., 716; May v. State, 14 Ohio, 461; State v. Lincoln, 17 Wis., 597; People v. Cummings, 57 Cal., 88; Rogers v. State, 90 Ga., 463; Cone v. Seeley, 167 Mass., 163.) In this State it has been held by this court the following names have the same sound: Mary Etta and Marietta, Goode v. State, 2 Texas Crim. App., 520; John William and John Williams, Williams v. State, 5 Texas Crim. App., 226; Whitman and Whiteman, Henry v. State, 7 Texas Crim. App., 388; Reder and Redus, Hunter v. State, 8 Texas Crim. App., 75; Sofira and Sofia, Owen v. State, 7 Texas Crim. App., 329; Chattam and Chatham, Rather v. State, 10 Texas Crim. App., 27; Ichman and Eichman, Eichman v. State, 22 Texas Crim. App., 137; Hix Nowels and Hicks Nowells, Spoonmore v. State, 25 Texas Crim. App., 358; George and Georg, Hall v. State, 32 Texas Crim. Rep., 594; Isreal and Israel, Boren v. State, 32 Texas Crim. Rep., 637; Jin White and Jim White, White v. State, 32 Crim. Rep., 625; July and Julia, Dickson v. State, 34 Texas Crim. Rep., 1; Helmer and Hillmer, Cline v. State, 34 Texas Crim. Rep., 415; Garzia and Garcia, Rape v. State, 34 Texas Crim. Rep., 615; Woodlin and Woodline, Woodlon and Woodland, Dawson v. State, 33 Texas Crim. Rep., 492; Noberto and Norberto, Salinas v. State, 39 Texas Crim. Rep., 319; and see also the cases of Gentry v. State, 62 Texas Crim. Rep., 497, 137 S. W. Rep., 696, and Feeny v. State, 62 Texas Crim. Rep., 585, 138 S. W. Rep., 135, recently decided by this court, and the cases there cited.

In this case the appellant on the witness stand admits it was the name Rene Perry he signed and intended to sign to the note, and undertakes to justify in so doing by testifying that in November, about the date of the note, she came to him to borrow $5000 and he understood her to ask him to obtain it for her, and he signed her name to the note for that purpose. She testified she never applied to him for a loan in November, but in December she did apply, and he declined, and advised her to sell the property, and in two hours' time from the time she applied for the loan she had sold him a part of the property and deeded it to

him.   The record being in this condition, there was no error in permitting the witness Rene Perry to testify that she had not signed the note, and had not authorized appellant to sign her name to it.

The only other assignment in the brief questions the sufficiency of the evidence.   Appellant admitted signing the prosecuting witness' name to the note, only claiming that he thought he was authorized so to do.   Miss Perry denied he had authority.   The witness Cox, and other facts and circumstances in evidence corroborate her.   The court charged the jury:

"You are instructed that if the defendant made the note which has been offered in evidence, that at the time he did so, if he did do so, and if he did do so in Harris County negotiations were pending between the defendant and Miss Rene Perry for a loan upon the property described in said note and that the defendant made said note believing at the time he did so, if he did do so, that he had the authority from Miss Rene Perry to execute the said note in the name of Rene Perry for the purpose of procuring for her the said loan, you will acquit the defendant, or if you have a reasonable doubt as to the existence of this proposition you will acquit the defendant."

The jury found that he had no authority, and no reason to believe that he had such authority, and the evidence amply supports their verdict.

The special charges requested in so far as applicable to the evidence were fully covered by the main charge of the court.

It was not necessary for the indictment to contain what is termed a "purport clause," that is, it is not necessary to state whose act it purports to be, nor who it was intended to defraud by executing the instrument; it need only be charged that it was executed without lawful authority, and with intent to injure and defraud, without specifying who it was intended to defraud.   Howard v. State, 37 Texas Crim. Rep., 494; Brod v. State, 42 Texas Crim. Rep., 71; Brown v. State, 60 Texas Crim. Rep., 505, 132 S. W. Rep., 789, and cases there cited.

We have carefully reviewed every question, and no error is presented. The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE, not sitting.

ON REHEARING.

January 29, 1913.

HARPER, JUDGE.—Appellant's able counsel have filed in this case a motion for rehearing, in which they earnestly insist this court was in error in the original opinion in sustaining the finding as to the venue of the offense, and in holding that the court did not err in admitting the alleged forged note in evidence.   We have again gone over not only those two grounds but each and every ground in the motion for rehearing, and are thoroughly convinced the original opinion is right on each and every proposition there decided.

In addition to the record as made on the trial, appellant's counsel have filed in this court since the motion for rehearing was filed, a large number of ex parte affidavits, which they contend strongly support his testimony on the trial, and that he in fact never received any money on the note, and he was acting for Miss Perry in the premises. This they may do, but can we consider any evidence outside of that contained in the record on appeal? Should we consider these ex parte affidavits it would be necessary that we have the State served with a copy of them, and permit it to introduce evidence in rebuttal thereof; in fact, reopen the case and convert this court into a trial court on the merits of the case, and then substitute our finding on the facts as thus presented to us for that of the verdict of the jury. This we are not authorized to do. If such was the rule, very nearly every case that was appealed to this court would have to be tried de novo. This would be wholly impracticable, and it was never contemplated that this court should become a trial court, for in every case of a felony a jury can not be waived, and there is no provision of law for a jury to be impaneled in this court. It may be that in some case facts are developed after the trial of a case which would cast some doubt as to the guilt of an accused person, but we are permitted to pass alone on the record as made in the trial of the case, for we are but to review the proceedings of that court. If the evidence sustains the verdict of the jury, and the court has committed no error, we have no option but to affirm the case. In this case the evidence offered in behalf of the State, if believed, fully sustains the finding of the jury, and while defendant by his testimony would show a wholly innocent intent in signing Miss Perry's name to the note, that fact was submitted to the jury and their finding was adverse to him.

The motion for rehearing is overruled.

*Overruled.*