## JOSEPH VALIGURA v. STATE.

### No. 2265.   Decided February 5, 1913.

**1.—Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction, there was no error.

**2.—Same—Jury and Jury Law—Name of Juror—Idem Sonans.**

Where defendant contended that the juror's name to whom he objected was Andres and not Andrews, and there was no question as to his identity, there was no error in overruling the objection; besides, the names are idem sonans. Following Gentry v. State, 62 Texas Crim. Rep., 497, and other cases.

**3.—Same—Indictment—Date of Offense.**

Where defendant objected to the testimony as to the date of the offense because the indictment showed the figures 190 instead of "1911," but the indictment really showed in fact the figures to be "1911," there was no error in overruling the objection.

**4.—Same—Hearsay Evidence—Harmless Error.**

Where the court admitted in evidence hearsay evidence over the objections of the defendant, the same was improper but harmless error, inasmuch as the defendant and other witnesses testified to the same thing.

**5.—Same—Evidence—Credibility of Witness—Harmless Error.**

Where the defendant attacked the credibility of a State's witness by attempting to show that she met defendant clandestinely, there was no error in permitting her to show that defendant claimed to her to be a single man, etc.; besides, if error, it was harmless.

Appeal from the County Court of Lavaca.   Tried below before the Hon. P. H. Green.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for unlawfully carrying a pistol and fined $100.

The evidence was amply sufficient to sustain the verdict. It also would have justified the jury to have acquitted appellant. Under such circumstances the jury, being the judges of the credibility of the witnesses and the weight to be given to their testimony, this court can not disturb the verdict.

The court did not err in overruling appellant's challenge to the juror, Theodore Andres. Appellant's bill shows that "Andres" was the correct spelling of the juror's name. It was spelled by the jury commissioners and he was summoned under the name of "Theodore Andrews" but he is identified as the man who was selected by the

jury commissioners, summoned as such juror and attended. It was shown that he got mail addressed to him under the name of "Theodore Andrews" and that those who did not know him well and were but slightly acquainted with him called him "Andrews." The appellant's challenge to the juror was because the correct spelling of his name was "Andres" and not "Andrews." There was no question as to the identity of the man, and the court, in allowing the bill, stated that the juror was a regular juror for the week, had been drawn by the jury commission, and summoned by the sheriff under the name of "Theodore Andrews." The bill does not show the juror served. Andres and Andrews are *idem sonans*. Gentry v. State, 62 Texas Crim. Rep. 497; Fenny id. 585; Smith v. State, 63 Texas Crim. 183.

The offense is charged, as shown by the indictment, to have been committed on or about October 15, A. D. 1911. The indictment copied in the record clearly so shows. When one of the State's witnesses was on the stand and asked about the charge against appellant and to state the date when, if at all, he saw appellant carrying a pistol, he testified that it was about the first of October, A. D. 1911. The appellant objected because of the uncertainty as to the date charged in the indictment, apparently claiming that the indictment did not allege that it was in 1911. He thereupon introduced the clerk of the court who testified that the indictment was on a printed form and had the figures "190" printed in it, then explained that the two figures "11" were written apparently one through the edge of the "9" and the other through the edge of the "0." The court, in qualifying the bill, stated that the clerk testified that the figures so read made 1911. The court did not err in permitting the witness to testify over appellant's objection.

It was improper for the court to permit Joe Chromcak to testify over his objections, that his wife had told him that Alzbeta Kastner had told her the night the offense is charged to have been committed, that she had gone or was going down the road to meet the defendant. This was hearsay, but it was not reversible error, because the appellant himself in substance, and all the other witnesses, both for him and against him, testified, that she did go and meet him at his request.

Appellant introduced proof tending to show that the girl Alzbeta Kastner, whom he had to meet him the night he is charged with carrying a pistol, and who testified for the State that appellant then had a pistol with him, showed it to her and told her that he had fired it off three times that night, was a prostitute. The State introduced proof tending to show the contrary,—that the girl was all right. The testimony shows that the appellant also attacked this girl's testimony and attempted to reflect upon her by showing that she met appellant out in the road at night on this occasion. It was also shown that he had called upon the girl before this time. The court, therefore, did not err in permitting her to testify under the circumstances that the defendant had before then told her he was a single man but that

she had later learned that he was a married man. Even if it had been error to permit this testimony it could not be reversible error. There being no reversible error the judgment will be affirmed.

*Affirmed.*