# APRIL, 1915.

Tom Scott v. The State.

No. 3503. Decided April 7, 1915.

Rehearing denied May 5, 1915.

1.—Theft of Turkeys—Continuance—Want of Diligence.

Where the motion for continuance showed a want of diligence in not stating the correct name of the absent witness whom the sheriff could, therefore, not find, there was no error in overruling same; besides, the alleged absent testimony in nowise contravened the State's testimony.

2.—Same—Argument of Counsel.

Where the argument of the State's counsel was a mere criticism of the evidence offered in behalf of the defendant, the same presented no error.

3.—Same—Circumstantial Evidence—Charge of Court—Misdemeanor.

Where two of the alleged turkeys were identified as those stolen from the prosecuting witness, and the evidence further showed that all the turkeys re-

covered corresponded with those alleged to have been stolen, there was no error
in the court's failure to charge on circumstantial evidence; besides, no written
charge was requested.

**4.—Same—Argument of Counsel—Charge of Court.**

Where State's counsel referred to the defendant as "Turkey Tom," and
then as a "Gobbler," in a trial of a misdemeanor case, and the court orally in-
structed the jury that this was improper and required the county attorney to
refer to defendant by his true name only, there was no error.

**5.—Same—Evidence—Conversation.**

Where defendant elicited part of the conversation, there was no error in
permitting the witness to state the whole conversation.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of turkeys, the evidence sustained the convic-
tion, there was no error.

**7.—Same—Ex Parte Affidavits—Practice on Appeal.**

This court can not consider ex parte affidavits filed for the first time in
this court, and simply passes on the record as made in the trial court. Fol-
lowing Pye v. State, 71 Texas Crim. Rep., 94, 154 S. W. Rep., 222.

Appeal from the County Court of Williamson. Tried below before
the Hon. Richard Critz.

Appeal from a conviction of misdemeanor theft, towit, nineteen tur-
keys of the value of $22; penalty, a fine of $10 and one day confine-
ment in the county jail.

The opinion states the case.

*Chas. L. Harty,* for appellant.—On question of insufficiency of evi-
dence: Smith v. State, 42 Texas, 444; Harris v. State, 17 Texas Crim.
App., 177; Bullard v. State, 41 Texas Crim. Rep., 225; Bray v. State,
41 Texas, 560.

*C. C. McDonald,* Assistant Attorney General, for the State.—On ques-
tion of argument of counsel: Hearne v. State, 73 Texas Crim. Rep.,
390, 165 S. W. Rep., 596.

HARPER, JUDGE.—Appellant was convicted of theft and his pun-
ishment assessed at one day imprisonment in the county jail and a fine
of $10.

In his first bill of exceptions appellant contends that the court erred
in overruling his application for a continuance. The application shows
that he obtained process for Frank Perry, the sheriff's return showing
that no such person could be found in the county. He now says it
was issued by mistake for *Frank* Perry, and that *Fred* Perry is the
person whose attendance he desired. As qualified by the court the bill
presents no error. In addition to this, all he says he can prove by the
witness Fred Perry is that he at some time (not stated) had seen the
turkeys of Mr. Rader, and that when he saw them they were painted
with a certain color of paint. Mr. Rader himself testifies he painted

his turkeys in the late summer or fall, the information alleging they were stolen on the 27th day of November, 1914. It may be that Fred Perry did see the turkeys in the late summer or fall and they were then painted. This evidence would in nowise contravene the State's testimony.

The remarks of the county attorney complained of present no error. It was but a criticism of the evidence offered in behalf of the defendant.

The case did not call for a charge on circumstantial evidence, and the court did not err in so holding. Mr. Gholson swore positively that he purchased the nineteen head of turkeys in question from appellant, and that they were delivered to him by appellant. Mr. Rader, while swearing that he believed all the turkeys he found in Gholson's possession were the turkeys he had lost, swore positively to two of them— they having been marked by having one of their toes cut off. Milo Hood also positively identifies one of the turkeys as the turkey he had sold Mr. Rader. In addition to this it is shown that the turkeys lost by Mr. Rader and the turkeys sold by appellant to Mr. Gholson consisted of the same number of hens; the same number of gobblers, and the same number of small turkeys. As two of the turkeys were positively identified, it was not a case depending wholly on circumstantial evidence. As no written charge was presented by the appellant on the other issue he now complains of, this being a misdemeanor, the matter is not presented in a way we would be authorized to reverse because thereof, if the charge of the court did not sufficiently present that issue.

It is made to appear by another bill that in presenting the case the county attorney referred to appellant as "Turkey Tom" and then as a "Gobbler." When the court's attention was called to the fact that these names were being applied to appellant, he told the jury it was improper for the county attorney to so refer to appellant, and not to consider it, and then instructed the county attorney to refer to him by his true name only.

As the defendant stated at the time he had no objection to the whole of the conversation being elicited, and especially as he elicited a part of it, there was no error in permitting Mr. Gholson to detail the conversation he did. After appellant had elicited a part of it, it took it all for the jury to properly understand the matter and be able to pass on the weight to be given that part elicited by appellant.

The evidence for the State, if believed by the jury, authorized a conviction, and the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 5, 1915.

HARPER, JUDGE.—Appellant has filed a motion for rehearing herein, the sole ground being: "That he has a good defense to said case as shown by the affidavits hereto attached," and then attaches some half-dozen affidavits to facts which would have been admissible on the trial,

but no reason is stated why the witnesses were not called when the case was tried. Certainly some of the testimony was as well known to appellant before as since the trial; for instance, that he had purchased a certain turkey from a witness named. However, this court can not consider such affidavits filed for the first time in this court. It is not a trial court but an appellate court. We pass on the record as made in the trial court, and can not consider other evidence. Pye v. State, 71 Texas Crim. Rep., 94, 154 S. W. Rep., 222.

The motion for rehearing is overruled.

*Overruled.*