## Esmus Lofton v. The State.

### No. 3893. Decided January 12, 1916.

**1.—Forgery—Indictment—Variance.**

Where, upon trial of forgery, the indictment alleged that the signature of the forged check which was spelled "Marih" was intended for and meant "Mariah," the contention that this was a variance either in the indictment or the proof thereunder, is untenable. Following Feeny v. State, 62 Texas Crim. Rep., 585, and other cases.

**2.—Same—Evidence—Other Transactions.**

Upon trial of forgery of a certain check, there was no error in admitting testimony that defendant attempted to pass other checks contemporaneously with the one upon which he was tried, such testimony being pertinent to the case.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of forgery of a certain check, the evidence was sufficient to sustain a conviction, there was no reversible error.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of forgery. The indictment is in the standard approved form therefor. It alleges that the false instrument purported to be the act of Mariah Thorn; then alleged it was to the tenor as follows; then copied the instrument, which is a bank check, for $16; and the name signed thereto is copied as *Marih* Thorn. This is followed by the explanatory allegation that the name *Marih* Thorn signed to the check was intended for and meant *Mariah* Thorn. Appellant contends that there is a fatal difference between the purport and tenor clause in the variation of the spelling of the word *Mariah,* as shown above. His contention is untenable. Feeny v. State, 62 Texas Crim. Rep., 585; Pye v. State, 71 Texas Crim. Rep., 94; Gentry v. State, 62 Texas Crim. Rep., 497.

The uncontroverted testimony clearly shows appellant's guilt. He neither testified nor offered any testimony. The appellant objected to the forged check when offered in evidence, because of the misspelling of the word *Mariah,* as explained above. The check was literally the same as copied in the indictment and was properly admitted in evidence.

The court correctly admitted the testimony of John Thomas over appellant's objection to the effect that, on May 29, 1915, the date of the forged check, appellant presented to him as a clerk of the Stone Fort National Bank for payment a check on that bank purporting to be signed by Mariah Thorn. That he stated to appellant at the time that Mariah Thorn had no account at that bank, but that, knowing said old negro woman, Mariah Thorn, to be a good woman, that he told appellant that she likely had an account at the Commercial Guaranty State Bank, the next door. Nor did the court commit any error in admitting in evidence the testimony of S. L. Miller to the effect that on the same day appellant presented to him a check for $13 purporting

to be signed by Etta Thorn on said State Bank, appellant telling Miller at the time that, if he would cash the check for him he would pay him $3 of the amount on an account appellant was due him; this witness further testifying that he at once telephoned to said bank to learn if the check would be good. He was not permitted to tell what the bank answered him over the phone, but he testified that he at once told appellant that Etta Thorn had no money to her credit at said bank but Mariah Thorn did have. That appellant thereupon told him that Mariah Thorn sometimes signed her name *Etta* as well as *Mariah.* That he took that $13 check, left his store, was gone about an hour and returned with a $16 forged check, as stated, and presented that to him requesting him to cash it, and stating that, if he would cash it he would pay him $6 on his account. It was admitted by both sides that Mariah Thorn, and none of her people, signed the said purported forged check nor made it, nor authorized or consented for any person to sign or make the check. All of said testimony of said Thomas and Miller was material, pertinent and clearly admissible testimony. There is no error in the record, and the judgment will be affirmed.

*Affirmed.*